LEROY PAYNE

v.

DANIEL DONEGAN ET AL.

</div>

1. PLEADING—DEMURRER TO WHOLE DECLARATION.—Where a general demurrer is filed to the whole declaration, if any one count of the declaration be found to state a good cause of action, the demurrer should be overruled.

2. VEXATIOUS SUITS.—A party has a cause of action against another who maliciously and without probable cause institutes a succession of suits against him before a justice of the peace, holding his office at a distance from the place of residence of the defendant, and upon his appearance to defend, al-

Payne v. Donegan.

lowing such suits to be dismissed, and immediately commencing another for the same cause, thereby subjecting him to great trouble and expense in defending the same.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.    Opinion filed January 4, 1882.

This was a case brought by Payne, as plaintiff below, against Daniel Donegan, Fred M. Cornell, Jay B. Spencer and Edwin S. Stewart, as defendants, to recover damages sustained by plaintiff, by reason of the defendants having wrongfully, mali-·ciously, and without probable cause, instituted a succession of suits against him, before a justice of the peace, at a great distance from where the parties resided, called garnishment proceedings, which defendants, after compelling plaintiff to appear therein, suffered to be dismissed for want of prosecution.    The plaintiff's declaration contains four counts.    By the first count it is alleged, in substance, that all the parties resided and did business in the city of Chicago; that plaintiff was proprietor of a livery stable, and one William Ennis was employed by him, at the weekly wages of nine dollars and twenty-three cents, payable weekly, and was a married man, having a family residing in Chicago, of which he, said Ennis, was the head; that said Donegan was a grocer, and claimed that Ennis was indebted to him in the sum of sixteen dollars and seventy-seven cents; that said defendants, conspiring together to harrass, distress, injure and extort money from plaintiff, by persecution and abuse of legal process, December 14, 1880, maliciously and without any probable cause, and well knowing that there was no probable cause therefor, caused a suit in garnishment to be brought before a justice of the peace at Blue Island, a great distance, viz., twenty-one miles, from where all the parties resided and did business, against plaintiff in the name of said Ennis, for the use of said Donegan, and caused process to be issued therein, and served, requiring plaintiff to answer at the office of said justice at the place aforesaid, December 24, 1880; that at the return-day plaintiff appeared, and defendants procured a continuance of said case until January 6, 1881,

when plaintiff again appeared, but defendants let said suit be dismissed by the justice for the want of prosecution; that in furtherance of said conspiracy, defendants afterwards, January 18, 1881, maliciously and without probable cause instituted another and like suit against plaintiff before said justice, causing plaintiff to be served with process, requiring him to answer before said justice, at the same place, January 29, 1881; that plaintiff then and there appeared, but defendants let that suit likewise be dismissed by said justice for want of prosecution; that afterwards, Feb. 1, 1881, defendants, in furtherance of said conspiracy, maliciously and without probable cause, brought another and like suit against plaintiff, before said justice, at the same place, and caused process to be served on him, requiring him to answer before said justice, February 12, 1881; that plaintiff appeared, but defendants in like manner let that suit be dismissed for want of prosecution; that by reason of the grievances plaintiff was put to great expense in defending himself against said suits, to wit, in the sum of one hundred dollars.

The other three counts are respectively based upon suits in garnishment in the name of Ennis, for the use of Donegan, brought by defendants against plaintiff maliciously and without probable cause, before the same justice, each corresponding in description with each above set forth, and disposed of in the same way. The defendants filed a general demurrer to the whole declaration, and each count thereof, which the court below sustained to the whole, and gave final judgment for defendants, and for costs. The plaintiff prosecutes this appeal.

Messrs. SHUFELDT & WESTOVER, for appellant; arguing that to support such an action it is not necessary that the person of the plaintiff should have been arrested or his property attached; but if he is wrongfully put to expense and trouble in defending against a malicious prosecution, an action for damages will lie, cited Pangburn v. Bull, 1 Wend. 345; Woods v. Finnell, 13 B. Mon. 628; Clossen v. Staples, 42 Vt. 209; Whipple v. Fuller, 11 Conn. 582; Mann v. Holbrook, 20 Vt. 523; Spaids v. Barrett, 57 Ill. 289; Weaver v. Page, 6 Cal. 681; Page v. Cushing, 38 Me. 523; Moulton v. Lowe, 32 Me. 466;

Payne v. Donegan.

.Bond v. Chapin, 8 Met. 31; Cox v. Taylor, 10 B. Mon. 17; Robinson v. Killurn, 6 Cal. 399; Co. Litt. 161 a; 3 Lev. 210; 2 Wils. 305; Saville v. Roberts, 12 Mod. 208; Smith v. Hixon, 2 Stra. 977; Watson v. Freeman, Hob. 205; Elsee v. Smith, 2 Chit. 304; 2 Selw. N. P. 1054.

Messrs. J. N. & F. W. Barker and Mr. E. L. Stewart, for appellees; that malice and want of probable cause must concur to give a right of action for malicious prosecution, cited Barret v. Spaids, 70 Ill. 410.

A plaintiff may bring suit in any place in the county where he resides or defendant may be found: Rev. Stat. Chap. 79, § 13; The People v. Meech, Ill. Sup. Ct. November, 1881.

Generally against the right to maintain this action: Easer v. Pitway, 1 Dev. &. Bat. 44; Gorton v. Brown, 27 Ill. 489.

McAllister, J.   The questions for decision on this appeal, arise upon the action of the court below in sustaining the general demurrer of appellees to all the counts of appellant's declaration, and giving final judgment for appellees, and for costs against appellant.   The demurrer having been general only, no technical questions of form are involved.   If any one count of the declaration be found to contain a cause of action, that is, found to be good in substance, the judgment of the court below should be reversed.

We are not prepared to hold that a defendant, in every civil suit, where there was no arrest of his person or attachment of his goods, may, upon the suit being decided in his favor, turn around and upon the mere allegation that the suit was brought maliciously and without any reasonable and probable cause, maintain an action on the case against the plaintiff as for malicious prosecution.   The drift of the opinion of the court, in Gorton v. Brown, 27 Ill. 489, although much that is said is mere *obiter dictum*, and that not from a very comprehensive view of the authorities, is manifestly against such actions being maintainable, except upon the ground of some special grievance.   But where the case shows such special grievance, we are prepared to hold that the action will lie; and in that view we are of opinion that the first count of the declaration,

although objectionable in form and containing some matters that may be rejected as meaningless surplusage, does set forth a cause of action good in substance.    It shows the bringing by the appellees maliciously and without probable cause, and in pursuance of an unlawful conspiracy between them to annoy, harrass and injure plaintiff, and to obtain and extort money from him by persecution and abuse of legal process, a succession of suits (in the first of which they procured an adjournment) before a justice of the peace, at a great distance from where all the parties resided, and then letting such suits be dismissed by the justice for want of prosecution, thus subjecting plaintiff to annoyance and expense for which the taxable costs would be no adequate compensation.    These facts show a special and particular grievance and take the case out of the ordinary rule.    The acts of appellees, as set out, were, as regards appellant, unlawful, constituting a wrong, in the legal sense; and the expenses and trouble to which the latter was thereby subjected, constitute an injury to his property, and therefore actual legal damages.    So that we have here unlawful acts by appellees, and actual legal damages sustained by appellant as a proximate result.    It is a familiar maxim of the common law that there is no wrong without a remedy, and in our State constitution it is declared one of the fundamental principles in civil rights that " every person ought to find a certain remedy in the laws for all injuries and wrongs which he may receive in his person, property or reputation."    There being here a concurrence of actual and legal damages to appellant, and a wrongful act committed by appellees, we have no doubt that upon established principles of the common law, a cause of action is stated.    Wright v. N. W. R. Co. 7 Bradwell, 438, and authorities there cited.    The case of Pangburn v. Bull, 1 Wendell, R. 345, is a direct authority in support of the count in the declaration under consideration, on the ground of abuse of legal process.

We are inclined to the opinion that if the second, third and fourth counts of appellant's declaration respectively contained the allegation that appellant *resided*, as well as did business, in the city of Chicago, they would have shown a cause of ac-

tion; upon the ground that suing out a process, from a justice of the peace, maliciously and without probable cause, at a great distance from where appellant resided and did business, thus unnecessarily compelling him to go that distance to defend against such suit, lays the foundation for such special grievance as will support the action.    In these counts it is alleged that appellees, at the respective times stated, willfully and maliciously, and without probable cause, and for the purpose of injuring, annoying, vexing and extorting money from appellant, caused the suit, etc., to be commenced before Asa Farnham, a justice of the peace, and caused process to be served on appellant, requiring him to appear, etc., at the office of said justice, twenty-one miles from the city of Chicago. Each count avers that appellant was engaged in business in the city of Chicago, but neither of them that he resided there.

For aught appearing in these counts, the appellant may have resided at the place where the justice's office was, though he did business in Chicago.    The judgment of the court below will be reversed, and the cause remanded, with directions to that court to overrule the demurrer of appellees to the first count of appellant's declaration, and sustain it to the other counts, giving appellant leave to amend the same, if he choose so to do.

<div align="right">Reversed and remanded.</div>