## Carl Corper Brewing and Malting Co. v. Minwegen & Weiss Manufacturing Co.

1. CONSPIRACY—*One Person Can Not be Guilty.*—One person alone can not be guilty of a conspiracy.

**Malicious Prosecution of Civil Suits.**—Trial in the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Judgment for defendant on demurrer to declaration. Appeal by plaintiff. Heard in the Branch Appellate Court of the First District, at the March term, 1898. Affirmed. Opinion filed July 17, 1898.

LACKNER & BUTZ, attorneys for appellant.

JONES & LUSK and HENRY FRANKFURTER, attorneys for appellee.

MR. JUSTICE HORTON delivered the opinion of the court.

As stated by appellee, the brief for appellant is " a model of conciseness." It contains but little more than one page. It cites the case of Payne v. Donagan, 9 Ill. App. 566, and says: " If the decision of this court in that case was right then the decision of his honor (the Circuit Judge) in the, case at bar was wrong. There is no distinction between the cases."

In some respects the two cases are substantially the same. In each case the suit was brought to recover for damages alleged to have been suffered by reason of defendants having wrongfully, maliciously, and without probable cause,

214    APPELLATE COURTS OF ILLINOIS.

VOL. 77.] Carl Corper Brewing Co. v. Minwegen & Weiss Mfg. Co.

instituted a succession of civil suits before justices of the peace, etc. In each case a general demurrer to the declaration was sustained in the court below, and judgment entered against appellant for costs.

There are, however, material differences in the declarations. In the Payne case there were several defendants. The declaration specifically charged conspiracy between the defendants to injure and extort money from the plaintiff; that defendants brought three different suits before a justice of the peace at Blue Island, and allowed them to be dismissed without prosecution when plaintiff appeared to defend; and that in all of said suits plaintiff was summoned to appear before a justice of the peace at a great distance (over twenty miles) from where "all the parties resided and did business."

In the case at bar there is no charge of conspiracy. There is no statement implicating any person or corporation, except the defendant corporation. The defendant could not alone be guilty of a conspiracy, even if it be conceded that a corporation can conspire. The charge of conspiracy in the Payne case is the gist of the action, and presents a material and important distinction between that case and the case at bar.

In the case at bar the averment is that the suits were instituted before a justice of the peace whose office is seven miles from the "residence and place of business" of appellant, which is an Illinois corporation. Appellant is as much a resident of one part of the city of Chicago as it is of any other part. It is no evidence of wrongful purpose or intent for a party to commence suit before a justice of the peace whose office is most convenient to the plaintiff, even though it be not as convenient to the defendant as the office of some other justice of the peace may have been. Suits are not supposed to be brought for the convenience of defendants.

In the Payne case it is charged that the suits were all before a justice of the peace at Blue Island, a great distance from the residence of all parties. In the case at bar there is no similar averment. There are other differences between

these declarations, but we have said enough to show that there are material distinctions, and that the Payne case is not conclusive as to the case at bar.

If reports be correct, there have been cases in this county where not only the plaintiff in justice of the peace suits, but the attorney and the justice of the peace, should all be prosecuted both criminally and civilly. So far as appears from the declaration, this is not, however, such a case.

There was no error in sustaining the demurrer to the declaration.

The judgment of the Circuit Court is affirmed.