# ' CASES '

IN THE

# APPELLATE COURTS OF ILLINOIS

## FIRST DISTRICT—OCTOBER TERM, 1898.

82    39,
s186s334

## Liquid Carbonic Acid Manufacturing Co. v. Adolph Convert, Israel Cowen and Maurice M. Houseman.

1. MALICIOUS PROSECUTION—*Attorneys, When Liable.*—If an attorney who commences a suit knows that there is no cause of action, and dishonestly, with some sinister view and for some purpose of his own, or for some other ill purpose which the law calls malicious, causes a person to be arrested and imprisoned, he is liable to respond in damages.

2. SAME—*Application for the Appointment of a Receiver.*—An action for malicious prosecution will not lie against parties who, without probable cause, make an application to a court of chancery for the appointment of a receiver.

3. ABUSE OF LEGAL PROCESS—*Distinction Between Malicious Use and a Malicious Abuse.*—There is a distinction between a malicious use and a malicious abuse of legal process.

**Malicious Prosecution.**—Trial in the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Judgments for the defendants on demurrer. Appeal by plaintiff. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed March 14, 1899.

WILBER, ELDRIDGE & ALDEN, attorneys for appellant, contended that an action will lie for the malicious prosecution of a civil suit, or the malicious prosecution of an application for a receiver, and especially when it is made for the purpose of destroying credit, which is a property right; see the following: Newell on Malicious Prosecution, Chap. I, Secs. 26, 27 and 28; Payne v. Donegan, 9 Ill. App. 566;

(39)

Woods v. Finnell, 13 Bush. (Ky.) 629; 17 Am. Law. Reg. (N. S.) 689; Cox v. Taylor, 10 B. Mon. 17; Brown v. Cape Girardeau, 90 Mo. 377; Closson v. Staples, 42 Vt. 209; 1 Am. Rep. 316; Eastin v. Bank of Stockton, 66 Cal. 123; 56 Am. Rep. 77; Whipple v. Fuller, 11 Conn. 582; Stone v. Stevens, 12 Conn. 219; McCardle v. McGinley, 86 Ind. 538; 44 Am. Rep. 343; Pangburn v. Bull, 1 Wend. (N. Y.) 345; Marbourg v. Smith, 11 Kan. 554; Allen v. Codman, 139 Mass. 136; Pope v. Pollock (Ohio), 21 N. E. Rep. 356; O'Neill v. Johnson (Minn.), 55 N. W. Rep. 601; Antcliff v. June (Mich.), 45 N. W. Rep. 1019; Stewart v. Sonneborn, 98 U. S. 187; Biering v. First Nat. Bank, 69 Tex. 599; 7 S. W. Rep. 90; Lipscomb v. Schofner (Tenn.), 33 S. W. Rep. 818; Smith v. Burrus (Mo.), 16 S. W. Rep. 881; McPherson v. Runyon, 43 N. W. Rep. 392; 41 Minn. 524; Savill v. Roberts, 12 Mod. 208; Potts v. Imlay, 1 South. (N. J.) 330.

Where the declaration alleges such facts as show that there was a collateral or ulterior purpose, for maliciously and without probable cause, prosecuting the application for a receiver, such as to amount to an abuse of court procedure, it is not necessary to allege that the former action has been finally determined in favor of the plaintiff. See, Sneeden v. Harris, 13 S. E. Rep. 920; 109 N. C. 349; Granger v. Hill, 33 E. C. L. 675; 4 Bing. (N. C.) 212; Prough v. Entriken, 11 Penn. St. 81.

COWEN & HOUSEMAN, attorneys for appellees.

It is well settled that at common law no action will lie against one for bringing a civil suit, however malicious or unfounded, unless the body of the party is arrested or imprisoned or holden to bail; in all other cases the costs a party recovers are supposed to be an adequate compensation for the damages he has sustained : Swift's Digest, Vol. 1, p. 492; Espinasse's Nisi Prius, 525; 1 Bac. Abr. 96; 2 Chitty's Pl. 601, notes h and k; and we have ample American authorities for sustaining the English rule : Ray v. Law, Pel. C. Ct. 207; Woodmansie v. Logan, Pen. (N. J.) 93; Parker v. Frambs, Pen. (N. J.) 156; Cade v. Yocum, 8 La. Ann. 477; Gorton v. Brown, 27 Ill. 493.

Liquid Carbonic Acid Mfg. Co. v. Convert.

An action can not be maintained against an attorney for bringing a civil suit unless he has commenced such suit without the authority of the party in whose name he sues, or unless there is a conspiracy to bring a groundless suit, knowing and understanding it to be groundless and without any intent or expectation of maintaining the suit. Bicknell v. Dorion, 33 Mass. 478. See on this subject, Peck v. Chouteau, 91 Mo. 138; Burnap v. Marsh, 13 Ill. 538, which is as far as courts go on the subject. Newell on Malicious Prosecution, Sec. 19, p. 25.

If attorneys can not act and advise freely, without constant fear of being harassed by suits and actions at law, parties could not obtain their legal rights.

The malice of the client does not render the attorney liable. Newell on Malicious Prosecution, Sec. 19, p. 25.

The action for malicious prosecution to recover damages for a private wrong, that is, for the institution of a civil suit with malice and without probable cause, is governed by the same rules of law as the action where the prosecution complained of is of a criminal character. Lawrence v. Hagerman, 56 Ill. 68; 21 Amer. Law Register, 281; Newell on Malicious Prosecution, Sec. 19, *et seq.;* Collins v. Hayte, 50 Ill. 353.

An action for malicious prosecution of a civil suit will not lie until the final termination of the suit, and the complaint must allege a want of probable cause by averring that the suit was finally determined in favor of the defendant therein. Bird v. Lime, 1 Com. 190; Fisher v. Bristow, 1 Doug. 215; Patsum v. Marshall, Sayer, 162.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is an action for malicious prosecution. The declaration alleges that the defendant Convert had been formerly employed by the plaintiff corporation as one of its superintendents, and was discharged for insubordination and fraud; that thereupon he organized a rival company, and then, for the purpose of injuring the good name and credit of the

plaintiff, and " to have said plaintiff adjudged insolvent and wholly ruin said plaintiff," made an application for the appointment of a receiver to wind up its affairs as an insolvent corporation, and made an affidavit that the plaintiff was in an insolvent condition, about to dispose of its. assets. The other defendants are charged with having conspired with Convert for the purposes aforesaid, and with having advised and procured the action complained of. It is averred that a hearing of the application for a receiver was had upon affidavits filed in support thereof, that thereupon the application for a receiver was denied, and the prosecution of such application then and there abandoned. It is not alleged that the suit in which the application was made, has been determined. Apparently it has not been.

The declaration was demurred to generally and specially, and the demurrer having been sustained, the plaintiff elected to stand by its declaration. The suit was dismissed and plaintiff appeals.

So far as defendants Cowen & Houseman are concerned, the declaration does not state facts indicating malice or sustaining the charge of conspiracy. It contains the bare averment that they conspired with Convert to injure the plaintiff, and destroy its credit. The only fact alleged is that they advised and procured Convert to apply for a receiver and to make an affidavit to the effect that plaintiff was insolvent, without any reasonable or probable cause.

This is not sufficient. Facts must appear from which malice and bad faith can be inferred in order to sustain the averment. The statement that they conspired with Convert is a statement of a conclusion. That they advised Convert to proceed as he did does not necessarily imply malice; nor does the averment that they knew, as the declaration alleges they did, that the plaintiff had never been insolvent, based upon any statement of fact implying such knowledge, or from which it can be inferred they possessed or had the opportunity to acquire it. No ulterior or collateral purpose implying malice on the part of Cowen & Houseman appears. In Burnap v. Marsh, 13 Ill. 536, 538, the court, by Mr. Justice Caton, said :

" The rule by which attorneys may be held liable for malicious prosecutions is clearly laid down by Tindal, C. J., in Stockley v. Harnidge, 34 Eng. C. L. R., 276. It was there held that if the attorneys who commenced the suit ·alleged to be malicious, knew that there was no cause of action, and knowing this, 'dishonestly and with some sinister view, for some purpose of their own, or for some other ill purpose which the law calls malicious, caused the plaintiff to be arrested and imprisoned,' they were liable."

In that case there had been an arrest, and the declaration showed the suit in which the arrest occurred had been, upon hearing, dismissed. We are of opinion that the declaration states no cause of action against Cowen & Houseman.

Appellant contends that the action will lie for the malicious prosecution of an application for a receiver, when made for the purpose of destroying credit. Reference is made to the opinion of Mr. Justice McAllister in Payne v. Donegan, 9 Ill. App. 566, in which it was said that while not prepared to hold that a defendant in every civil suit where there was no arrest of his person or attachment of his goods, could, upon the mere allegation that the suit was brought maliciously and without any reasonable or probable cause, maintain an action on the case against the plaintiff as for malicious prosecution, yet where the case shows some special grievance, the action would lie. That was a case where the declaration showed unlawful acts by the defendants and actual and legal damages sustained by the plaintiff as a proximate result. It was a case where there had been an abuse of legal process.

No such abuse is shown by this declaration. Except that it is charged to have been malicious, the declaration shows only a regular proceeding—a bill filed and an application for a receiver thereunder; no abuse of legal process appears from the averments. In Gorton v. Brown, 27 Ill. 488, it is said that actions for damages for so bringing suit are not favored by the courts, and ought not to be, for the reason that it would tend to encourage successful defendants to bring actions for malicious prosecution in cases where no warrant therefor exists.

It is urged that special damages were suffered in this case. But of these damages, injury to credit is, in the declaration, stated to have resulted from the publication of the fact that an application for a receiver had been made—not from the application itself, which the court denied. The expenses of litigation are incident to the suit, and this appears to be still pending.

Counsel contends that it is not necessary the declaration should allege that the suit complained of has been determined; that it is enough if the declaration shows the real purpose of the malicious suit to be, not the appointment of a receiver, but to ruin the credit of appellant.

In this case the damages alleged are consequential, not direct. The application for a receiver did not involve any seizure of property nor arrest of person. Cases, therefore, where there had been such malicious seizure or arrest, are not in point.

It does not necessarily follow, because the preliminary application for a receiver has been denied or abandoned, that it may not be renewed upon evidence produced in the further prosecution of the pending suit.

Upon the facts stated in this declaration, the court can not say that no cause of action exists, or that no cause existed for such application, until that suit itself is disposed of. Until so disposed of, we can not know that the action complained of was not brought in good faith, without trying the issues involved therein.

The gist of the declaration as stated by appellant is, " that appellees, together, made a malicious application for a receiver without probable cause." Granting that this might afford a right of action, the want of probable cause can not be presumed while the suit in which the application is made is still pending. There is a distinction between a malicious use of legal process and a malicious abuse. It is clearly settled that in the former case, " the proceeding in which it is claimed the process has been maliciously used must have been determined before any action for the injury lies." Newell on Malicious Prosecution, Sec. 7.

The declaration in this case does not make out a case of abuse of legal process. For aught that appears, the appellee Convert may have had some claim against appellant which he had a legal right to prosecute. He may have been actuated by malice, and may have been willing to injure appellant's credit and reputation, but if he had probable cause to maintain an action, the fact alone that he proceeded from malicious motives is not enough to justify this suit. Both malice and want of probable cause must exist, though malice may be inferred from want of probable cause. Le Clear v. Perkins, 103 Mich. 131–141.

For the reasons indicated the judgment of the Circuit Court must be affirmed.