[Civ. No. 891.   Second Appellate District, Division One.—September 30, 1922.]

THE PEOPLE, Respondent, v. CHARLES SAVINOVICH et al., Appellants.

[1] CRIMINAL LAW—ARSON—EXISTENCE OF CONSPIRACY—INSUFFICIENCY OF EVIDENCE.—In this prosecution of three defendants for the crime of arson, the evidence was insufficient to warrant an instruction as to a conspiracy between the defendants to burn the building, even though it be conceded that it does not require direct evidence to prove the existence of a conspiracy to commit a crime, and that it may be established by facts and circumstances from which the fact may be fairly inferred.

[2] ID.—INSTRUCTIONS—MATTERS OF LAW WITHIN ISSUES.—While it is true that the trial judge, under the provisions of sections 1093 and 1127 of the Penal Code, should charge the jury on points pertinent to the issues when requested by either party, and state to them all matters of law for their information, nevertheless such charge should be restricted to such matters of law applicable to questions which are fairly within the issues tried.

[3] ID. — ASSUMED ISSUE UNSUPPORTED BY EVIDENCE — ERRONEOUS CHARGE.—When the charge, even though a correct statement of abstract legal principles, is extended so as to cover an assumed issue which finds no support in the evidence, it constitutes error which, if prejudicial, will warrant a reversal of the judgment of conviction.

[4] ID.—CONSPIRACY—ACTS AND DECLARATIONS — ERRONEOUS INSTRUC-
TION.—In a prosecution of three defendants for arson, an instruc-
tion that if evidence had been introduced tending to establish a
conspiracy between "either" of the defendants, then any act or
declaration of either in furtherance of the object was competent
evidence against the "others," was not only erroneous, but was con-
fusing and misleading, since the jury was thereby told that if
there was a conspiracy between either of the defendants, then the
act or declaration of either of such defendants so conspiring was
competent against the third, although he might not have been a
party thereto.

APPEAL from a judgment of the Superior Court of
Imperial County and from an order denying a new trial.
Franklin J. Cole, Judge. Reversed.

The facts are stated in the opinion of the court.

Ernest R. Utley, Harry W. Horton and O. V. Willson
for Appellants.

U. S. Webb, Attorney-General, Erwin W. Widney, Dep-
uty Attorney-General, E. R. Simon and Harry B. Ellison
for Respondent.

SHAW, J.—The above-named defendants were jointly
charged by information with the crime of arson, in that
they, on or about October 2, 1921, willfully, unlawfully,
feloniously, and maliciously, in the night-time of said day,
set fire to and caused to be burned a certain inhabited
building, with the felonious intent to destroy the same,
which said building was then and there occupied by human
beings. The jury found all of the defendants guilty of
arson in the first degree. Judgment of imprisonment in the
state prison was thereupon pronounced, and defendants
have appealed therefrom and from an order denying their
motion for a new trial.

It appears that the defendants owned and conducted a
restaurant in the city of El Centro, known as the "San
Francisco Grill." About July 1st defendant Savinovich
left El Centro for Los Angeles, employing Nick Lettunich
to act in his stead in the conduct of the business and for
which service he individually was to compensate him. About
August 20th Lettunich severed his connection with the firm,

after which it was conducted, in the absence of Savinovich, by defendants Markovich and Rupar, the former still holding his interest in the firm. The fire occurred in the kitchen of the restaurant about 9 o'clock P. M. on October 2, 1921, and a few days thereafter Savinovich, receiving information of the fire, returned to El Centro. Over the restaurant in the second story of the building was a lodging-house, known as the ''Panama Rooms,'' conducted by Douglas Doty and wife, with whom lived Harvey Buckley, a son of the latter. While there is no evidence that any persons other than the three named were at the time occupants of the building as lodgers, it does appear that, while Mrs. Doty was temporarily absent from the building, they were occupying the same as a home. Mr. Doty, it appears, was in one of the rooms occupied by his family, over the kitchen of the restaurant, when he discovered the fire by noticing smoke coming up through the floor, to which fact he called the attention of young Buckley, who at the time had returned to his room in the building from which he had a few minutes before absented himself.

A number of assignments of error are urged in support of a reversal of the judgment and order, chief among which is the fact that the court instructed the jury as follows: ''If any evidence has been introduced in this case tending to establish a confederation or conspiracy to commit the offense charged in the information, between either of the defendants, then I instruct you that any act or declaration of either confederate in furtherance of the object and purpose of the confederation, is competent evidence against the others, if you believe beyond a reasonable doubt that a conspiracy existed to commit the offense.'' It is insisted, first, that there is no evidence, either direct or circumstantial, tending to establish a conspiracy between the defendants to commit the offense, and hence it was error to instruct the jury as to conspiracy; and, second, assuming the existence of such evidence, the instruction was erroneous in that the jury were told that if a conspiracy was formed between any two of the defendants and either of them acted in furtherance of the object and purpose of the conspiracy, such fact was competent evidence against all of the defendants.

The only evidence to which we are directed by the attorney-general touching the question of a conspiracy is the testimony of Lettunich, who stated that when he was employed about July 1st he had a conversation with Savinovich wherein the latter said "it would be worth $150 if I burned the place up for him." That was all that was said by Savinovich or himself with reference to the matter, and no money was paid to him other than $15 for advance wages. He never repeated this statement to either of the other defendants or informed them in any way of what Savinovich said to him. He further says that about the 6th of August he was present in the kitchen with Markovich and Rupar, at which time one of them—though he could not remember which one—made the remark that the only way they could pay their bills would be to burn the place. "They did not know how they were going to pay their bills; that the business was getting rotten and the only way they could make any money was to burn it." And in answer to the question, "Which one of the defendants said that to the other, do you know?" he said, "No, sir; I could not testify to that." When asked as to the condition of the business, if he knew, he replied, "Well, I don't think it paid." He further stated that they owed several hundred dollars, fixing the amount at $250 or $300. Neither Markovich nor Rupar ever made any proposition to him to burn the building. There was some evidence tending to prove that the value of the equipment of the restaurant was five or six thousand dollars; but we are by the attorney-general directed to no testimony whatsoever showing that the property was insured, or that any motive existed for burning it.

[1] Conceding it does not require direct evidence to prove the existence of a conspiracy to commit a crime (*People* v. *Eldridge*, 147 Cal. 782 [82 Pac. 442]), and that it may be established by facts and circumstances from which the fact may be fairly inferred (*People* v. *Donnolly*, 143 Cal. 398 [77 Pac. 177]), we are nevertheless of the opinion that the meager testimony quoted was insufficient to warrant the court in instructing the jury as to a conspiracy had between the defendants to burn the building.

[2] While it is true that the trial judge, under the pro-

visions of sections 1093 and 1127 of the Penal Code, should charge the jury on points pertinent to the issues when requested by either party, and state to them all matters of law for their information, nevertheless such charge should be restricted to such matters of law applicable to questions which are fairly within the issues tried. **[3]** When the charge, even though a correct statement of abstract legal principles, is extended beyond such limitations so as to cover an assumed issue which finds no support in the evidence, it constitutes error which, if prejudicial, will warrant a reversal of a judgment of conviction. (*State* v. *De Wolfe,* 29 Mont. 415 [74 Pac. 1084] ; *Territory* v. *Claypool,* 11 N. M. 568 [71 Pac. 463] ; *Territory* v. *Leslie,* 15 N. M. 240 [106 Pac. 378] ; Blashfield on Instructions to Juries, 2d ed., sec. 82.) Assuming it to be true that, as stated by the witness Lettunich, he was told by Savinovich three months prior to the fire that it would be worth $150 if he burned the place, it does not appear that either Rupar or Markovich had any knowledge of the making of the proposal, or that Savinovich entered into an unlawful agreement with his partners to burn the building. And assuming likewise that either Rupar or Markovich, in the presence of the witness Lettunich, made the statement that the only profit to be derived from the business was to burn the place, there is no evidence or circumstance established which would justify the inference that the other assented to it, or that Savinovich, absent from El Centro, was a party to such an agreement, if made.

**[4]** Conceding, however, that the evidence was sufficient to warrant the court in instructing the jury as to conspiracy, the instruction given upon the subject is not only erroneous but was well calculated to confuse and mislead the jury in considering the testimony. They were told that if there was a conspiracy (as to which no definition was given) to commit the offense charged between *either* of the defendants, which, since one person cannot conspire with himself (*Carl Copper Brewing Co.* v. *Minwegen & Weiss Mfg. Co.,* 77 Ill. App. 213), must have been understood by the jury as referring to any two of them, then the act or declaration of either of such two so conspiring in furtherance of the object of the conspiracy

was competent evidence against the others and each of them. The term "others" clearly has reference to the other defendants. Clearly, the meaning of the instruction, according to the plain import of the language employed, was that if Rupar and Markovich had entered into an agreement to burn the building and either one acted in furtherance of the object of such agreement his or their acts and declarations were competent evidence against Savinovich, although it might clearly appear that he was not a party to the conspiracy and wholly ignorant of its existence. In view of the meager and unsatisfactory evidence of the witness Lettunich, and the fact that the jury were not informed as to what constituted a confederation or conspiracy to commit the act, the instruction, under the circumstances shown, was highly prejudicial to the defendants. There is no direct evidence that either of them set fire to the building, and the verdict of guilty was undoubtedly based upon the belief that some one at least of the three was desirous of having the property destroyed by fire and, so believing, the jury found that a conspiracy existed and that the act of such one was competent evidence showing the guilt of the others.

Another instruction complained of is as follows: "You are instructed that if you believe there were lodgers in the building at the time of the alleged fire, it is not necessary that said lodgers be the actual owner of the premises." While Doty and his wife conducted the lodging-house and while it sufficiently appears that at the time of the fire Mr. Doty was in his room when he discovered the fire, nevertheless there is no evidence whatever that the rooms were occupied by lodgers other than Doty's family at the time of the fire. Hence there was no evidence upon which the jury could believe there were lodgers in the building at the time of the fire. They might, from the fact that the upper rooms were devoted to the purposes of conducting a lodging-house, have *believed* that lodgers were in the building, but there was no evidence upon which to base such belief. However, as to this instruction, since there was testimony showing that Doty, who made his home in the building, was in his room at the time of the fire, it cannot be deemed prejudicial to the defendants.

There are other alleged errors predicated upon the introduction and rejection of testimony, which, however, in view of our conclusion, it is unnecessary to consider.

The judgment and order are reversed.

Conrey, P. J., and James, J., concurred.