## RANDOLPH et al. v. MISSOURI–KANSAS–TEXAS R. CO. et al.

### No. 4211.

District Court, W. D. Missouri, W. D.

Feb. 5, 1947.

ing on the question of a temporary injunction there was no substantial dispute on the facts. Admittedly the plaintiffs, both by custom and contract, performed for the corporate defendants specified services for which they were compensated and enjoyed over a long period of years valuable privileges, emoluments and rights.

At the instance of the individual defendants acting through their authorized officer or officers the corporate defendants (with apparent reluctance) evinced a purpose to cancel said long standing contract between them and the plaintiffs and commenced proceedings to do so. This suit followed.

Whether the corporate defendants were under such business compulsion as to justify their purpose and acts is questionable under Security Sav. Bank v. Kellems, Mo. App., 274 S.W. 112 and cases therein cited.

By this action the plaintiffs are endeavoring to prohibit the corporate defendants from canceling an apparently valid, valuable and subsisting contract and to enjoin the individual defendants from employing business compulsion, coercion or duress, to induce such action.

The evidence fully supported the averments of the complaint and it follows that since the complaint states a cause of action the plaintiffs are entitled to the relief sought and a temporary injunction should be granted as prayed.

All of the parties have submitted requested findings of fact and statements of conclusions of law. An examination of the findings of fact proposed by the several defendants discloses that several facts are accurately stated and conform to justified findings from the evidence; however these cannot be given for the reason that, (a) those proposed by plaintiffs cover the same matter, and (b) it is the theory of the defendants that the entire controversy is cognizable under the Railway Labor Act, 45 U.S.C.A. § 151 et seq., and such requests are made upon that theory. It was and is the theory of the defendants that the Railway Labor Act is applicable and that its proper invocation would oust the court of jurisdiction. While

See also, D.C., 68 F.Supp. 1007.

Clyde Taylor and Clif Langsdale, both of Kansas City, Mo., for plaintiffs.

John Murphy, Gordon Siddens, and Tucker, Murphy & Wilson, all of Kansas City, Mo., for individual defendants, R. D. Wood and others, and the Brotherhood of Railroad Trainmen.

Ellison A. Neel, of Kansas City, Mo., C. S. Burg and Carl S. Hoffman, both of St. Louis, Mo., and M. E. Clinton, of Dallas, Tex., for railroad defendants.

REEVES, District Judge.

It is unnecessary to discuss again the issues involved in this case. At the hear-

the defendants assert that there is a labor dispute yet their proposed findings of fact negative such theory. This specially applies to the individual defendants.

On the other hand it is the theory of the plaintiffs that a labor dispute is not involved as a condition precedent to the invocation of the Railway Labor Act and that, therefore, it is a matter wholly cognizable in the courts. The theory of the plaintiffs is a reasonable one and under all the authorities appears to be correct. It is a simple action to enjoin the cancellation of a binding and subsisting contract and to enjoin individuals and organizations seeking, by duress or business compulsion, to bring about such cancellation. Clearly it is a matter cognizable in the courts.

An examination of the requested findings proposed by the plaintiffs shows that such findings not only conform to the facts but as well to the theory advanced by the plaintiffs, and such theory is accepted by the court as a correct one. Their requested findings are full and complete and should be given, and it will be so ordered.

The statements of legal conclusions requested by the plaintiffs are logically invoked by the facts and upon the above theory these too should be given. They appear to be full. This applies to the original proposals made by the plaintiffs. The plaintiffs have submitted a document entitled "Additional Findings Requested by Plaintiffs." These should be denied for the reason that they pertain to matters relating to the National Mediation Board and the National Railroad Adjustment Board. They are not helpful on the question of this temporary injunction.

The findings of fact and statements of conclusions of law requested by the plaintiffs will be given. All of the requested findings and statements of conclusions of the several defendants will be refused. Counsel for the plaintiffs will prepare an order or decree granting a temporary injunction conformable to the findings of fact and legal conclusions approved by this memorandum. Such order and decree should be submitted to adversary counsel for their approval as to form.