RANDOLPH et al. v. MISSOURI–KANSAS–
TEXAS R. CO. et al.

No. 4211.

District Court, W. D. Missouri, W. D.

Aug. 4, 1948.

Clyde Taylor, of Kansas City, Mo., for plaintiff.

Ellison A. Neel, of Kansas City, Mo., and M. E. Clinton, of Dallas, Tex., for defendant Railroad Co.

John Murphy, of Kansas City, Mo., for defendant Brotherhood and individual defendants.

DUNCAN, District Judge.

This is a class action brought by plaintiff and others similarly situated against the defendants seeking to enjoin defendants from changing a contract of employment between the railroads and plaintiff and the group represented by him, who are train porters, and charging the Brotherhood with interference wth the common-law rights of plaintiffs in their enjoyment of jobs as train porters on the passenger trains of the defendant railroad companies.

A temporary restraining order was granted by the district court, 7 F.R.D. 54, and upon appeal to the Circuit Court of Appeals the ruling was reversed and the case remanded with directions to dissolve the temporary injunction and "for further proceedings in accord with this opinion." 8 Cir., 164 F.2d 4, 9. Thereafter plaintiffs filed a motion for rehearing which was denied. This was followed by an application for certiorari to the Supreme Court of the United States which was likewise denied. 68 S.Ct. 1082. Thereafter plaintiffs filed a motion in the Circuit Court of Appeals asking that court to make an order interpreting and applying its mandate "So as to enable the District Court, upon proper hearing, and if it be advised that the law permits and justice requires, to order by proper process that the status quo ante of the parties shall be maintained for such reasonable time, and upon such conditions, as to the District Court may seem proper, to enable the parties to present and exhaust their administrative rights under the Railway Labor Act [45 U.S.C.A. § 151 et seq.]." This motion was also denied by the Court of Appeals. Thereafter, plaintiffs filed the motion that is now before the court, that is, a motion for leave to file a supplemental and dependent bill of complaint setting up questions which have arisen since the original complaint and the decision upon that complaint by the Court of Appeals. The defendants have filed a mo-

tion to dismiss plaintiffs' motion for leave to file their supplemental bill. As heretofore stated plaintiffs' original complaint was based upon common-law tort and it was upon that theory that the case was heard by the Court of Appeals. The facts upon which that complaint was based are that the railroad companies pursuant to an agreement entered into between the companies and the Brotherhood of Railway Trainmen concerning the duties to be performed by the Railway Trainmen in connection with the operation of passenger trains sought to cancel the contract of employment entered into with the bargaining agency of plaintiffs and to enter into a new contract eliminating from their duties those which had been included in the agreement with the Brotherhood of Railway Trainmen. The Court of Appeals held that it was a jurisdictional labor dispute within the purview of the Railway Labor Act saying, "We find no controversy is presented here except the labor dispute, the settlement of which is clearly within the purview of the Acts and may not be accomplished by injunction in the first instance." Missouri-Kansas-Texas R. Co. et al. v. Randolph et al., 8 Cir., 164 F.2d 4.

Plaintiffs in their supplemental and dependent bill now allege that pending the determination of the dispute before the Mediation Board the railroads are threatening action which will result in the loss of their jobs and seek a restraining order maintaining the status quo of the porters pending the outcome of the proceedings before the Mediation Board. In its opinion the Court of Appeals said, "The legal right of the railroads to proceed as they have done and intend to do in respect to their contract with the train porters, is clearly accorded them in the statute, 45 U.S.C.A. § 152, Seventh, and cannot be questioned." The Court also found that there was no tortious act on the part of the trainmen justifying a temporary injunction and used this language: "Our conclusion that there was no tortious conduct on the part of the trainmen justifying the temporary injunction against them therefore necessitates that it be dissolved as to the railroads as prayed in their appeal." It would therefore seem that the sole question which was

presented to the court by the complaint, that is, the tortious act of the parties to justify the granting of an injunction was ruled against plaintiffs. Nothing remained in their proceeding for that court or this court to pass upon. It is true that the appellate court in numerous places throughout its opinion stated that plaintiffs were not entitled to an injunction in the "first instance," that is, pending a determination of the labor dispute by the Mediation Board or before plaintiffs had exhausted their administrative remedies, and that the court quotes other decisions in which the same phraseology has been used. I am not quite certain just what the courts have meant by their discussion of the question of the district court's discretion in withholding its injunctive relief in the "first instance." The implication to me is not entirely clear, as apparently it was not entirely clear to plaintiffs in this case when they sought to have the mandate of the Court of Appeals interpreted; but it would seem to me in the absence of any suggestion or authority defining it that it would mean that the district court is entirely without right to grant an injunction pending a determinaton of the question falling within the jurisdiction of the Mediation Board and that whatever action might thereafter be taken by the district court in the same proceeding must be based upon the final action of the Mediation Board without respect to any action or conduct between the parties themselves. If I am correct in interpreting that phraseology, the courts meant that the cases should remain on the docket, as suggested in the Telegraphers case, Order of R. R. Telegraphers v. New Orleans, Texas & Mex. Ry. Co., 8 Cir., 156 F.2d 1, and other cases mentioned, until the proper administrative board had made its final determination of the facts. Then if the court had any right or jurisdiction to proceed, it had to be based upon the actions of the administrative board and not upon the intermediate conduct of the parties themselves.

However, in view of the theory of the cause of action in this case and the opinion of the Court of Appeals I doubt that the District Court has any rights in the matter except to dissolve the temporary restraining order and to dismiss the complaint, be-

cause the very issues that were raised in the complaint by plaintiffs, that is, with respect to the common-law tort have been determined. The court held that the railroads were within their rights in doing what they did. The court further held that the defendant Brotherhood was not guilty of any tortious conduct that would justify the granting of the injunction. There were no other questions for determination and those questions were determined adversely to plaintiffs, and having been finally determined by the Court of Appeals nothing remains for this or any other court to do in this case.

A supplemental petition of course must be based upon things that have occurred since the filing of the original complaint and must be based upon the same cause of action as the original complaint. It cannot be used for the purpose of trying new matter or a new cause of action. As stated by Judge Reeves in Berssenbrugge v. Luce Mfg. Co., D.C., 30 F.Supp. 101:

"An amended pleading is designed to include matters occurring before the filing of the bill but either overlooked or not known at the time. A supplemental pleading, however, is designed to cover matters subsequently occurring but pertaining to the original cause.

"This rule is the same as former Equity Rule 34, 28 U.S.C.A. following section 723, and that rule followed the preceding Equity Rule 57. The new rule is substantially the same as its predecessor and its language is clear enough to exclude any thought of a new cause of action.

"Such an interpretation has uniformly been made by the courts. The new matter pleaded in a permissible supplemental bill should relate to the original cause of action and should not constitute a separate, distinct and new cause of action."

It is contended that pending a determination of the dispute by the Mediation Board the status of the parties must be maintained, that the Mediation Board is without authority to enforce that provision of the act, and that it must be done by the parties, themselves, through the invocation of the jurisdiction of the District Court. It is also suggested in the proposed Supplemental Bill of Complaint that the bill is to be filed to enable the court to retain its jurisdiction over the parties. If the jurisdiction of the court may be invoked to restrain the railroad companies from discharging plaintiffs pending a determination of the dispute before the Mediation Board, then the individual defendants who compose the officers of the Brotherhood are not necessary parties and certainly no restraining order could be issued against them in connection with the proposed discharge of the porters by the railroads. So it seems to me that even assuming that this court under the mandate of the Court of Appeals still has jurisdiction over this case, nothing can be done with respect to it until after the hearing before the Mediation Board. Then it may be determined whether or not the Court has any further rights to proceed.

If the railroads are violating the law in their threats or attempts to discharge the porters, then that is a cause of action based upon the statute and not upon any common-law rights which have heretofore been determined by the Court of Appeals. Plaintiffs cite Howard v. Thompson, et al., D.C., 72 F.Supp. 695, which was heard by the writer of this opinion and in which a temporary restraining order was granted. The facts in that case are entirely different from the facts in this case. In this case, as I understand the facts, the railroads sought to cancel their contract of employment with plaintiff and his group and to enter into an additional contract. In the Howard case the railroad companies did not seek to renew the contract but sought to discharge the employees, advising them that their services would no longer be required and the court in that case held that it was a labor dispute and that the court was without rights to grant relief prior to a determination of the issues by the proper administrative boards. The injunction in that case was based upon the failure of the company to give the required 30 day notice and upon no other grounds. In other words, if the company had given the required notice in that case, there could and would have been no injunction. I understand the Mediation Board has accepted jurisdiction over this controversy. If the statute requires that

the status quo be maintained pending a determination of the issues by the Board and the company is threatening to violate the law, then that would be a cause of action, it seems to me, arising under the statute and not under the common law. It is therefore my view that the court should overrule the motion for leave to file the supplemental complaint.