Clyde Taylor, Clif Langsdale, Kansas City, Mo., for plaintiffs.

**RANDOLPH et al. v. MISSOURI, K. & T. R. CO. et al.**

**No. 4211.**

United States District Court
W. D. Missouri, W. D.

Aug. 10, 1949.

John Murphy, J. Gordon Siddens, and Tucker, Murphy, Wilson & Siddens, Kansas City, Mo., for defendants R. D. Wood and others.

C. S. Burg, Carl S. Hoffman, St. Louis, Mo., M. E. Clinton, Dallas, Tex., Ellison A. Neel (of Tucker, Murphy, Wilson & Siddens), Cooper, Neel, Sutherland & Rogers, Kansas City, Mo., for defendants Missouri, K. & T. R. Co. and Missouri, K. & T. R. Co. of Texas.

REEVES, Chief Judge.

Three motions are now pending in the above case. The first one is to vacate the order granting plaintiffs leave to file their supplemental and dependent bill; the second is a motion to dissolve the temporary restraining order, and the third is to increase the amount of bond on the temporary restraining order. These will be noticed.

The motion to vacate the order allowing a supplemental and dependent bill to be filed invokes many questions discussed in a memorandum opinion heretofore filed in the case. For an intelligent understanding of its present status, a chronological statement of prior proceedings should be made:

After a decision of this court granting a temporary injunction, 7 F.R.D. 54, appeals were taken by the defendants to the Circuit Court of Appeals, and the decision of that court is found in 8 Cir., 164 F.2d 4. The appeals of the defendants were taken upon the ground that it was premature for this court to grant an injunction, and probably that the court was without jurisdiction to do so for the reason that the remedy lay

before tribunals provided for in the Railway Labor Act, Title 45 U.S.C.A. Chapter 8, § 151 et seq. The lower court was of the opinion that such Act did not apply for the reason that the action appeared to be one to restrain the corporate defendants from cancelling a plain, unambiguous, conceded contract, and that they were threatening to do so under the coercion of the personal defendants (the railway trainmen).

The Act invoked by the defendants only provided for intermediation by the Boards mentioned in the Act in cases of disputes "concerning rates of pay, rules, or working conditions", 45 U.S.C.A. § 151a, and proper interpretations of agreements in relation to these matters. It did not confer jurisdiction upon the Adjustment or Mediation Boards to pass upon clear breaches of solemn, clear contracts, and the tortious efforts of third parties to bring about such breaches of contracts. However, it was the opinion of the Court of Appeals that, in the language of the Supreme Court in Order of Railway Conductors v. Pitney, et al., 326 U.S. 561, loc. cit. 567, 66 S.Ct. 322, loc. cit. 325, 90 L.Ed. 318, "An agency especially competent and specifically designated to deal with it has been created by Congress. Under these circumstances the court should exercise equitable discretion to give that agency the first opportunity to pass on the issue."

The Court of Appeals found that there was no controversy presented in the case [164 F.2d 8] "except the labor dispute, the settlement of which is clearly within the purview of the Acts and may not be accomplished by injunction *in the first instance.*" (Italics mine.) With such pronouncements, the court remanded the case "with direction to dissolve the temporary injunction and for further proceedings in accord with this opinion."

The case was not dismissed but was permitted to pend awaiting the action by the agencies provided by the Railway Labor Act. Before any action was taken by such agencies, the plaintiffs sought to file a supplemental and dependent bill here to preserve their rights. This was properly refused by one of my associates. D.C., 78 F. Supp. *727.*

After the opinion of the Court of Appeals resort was had to the agencies of the Railway Labor Act. Efforts for relief conformable to the direction of the Court of Appeals were unavailing, and the proper authorities under the Railway Labor Act dismissed the proceeding. When that was done the plaintiffs returned to this court and again proffered a supplemental and dependent bill wherein they recite their futile efforts to get the relief outlined by the Court of Appeals. Leave was granted to file such bill, and, as stated, a motion is now pending to vacate the order permitting the filing of such supplemental and dependent bill.

1. Unless this court now takes jurisdiction of the subject matter, the ancient and revered maxim, "Ubi jus, ibi remedium, (Where there is a right, there is a remedy)," would become meaningless. Unquestionably somewhere these plaintiffs should find a court or a tribunal where the sacred rights of a clear contract could be preserved and maintained for them. Moreover, they should not be buffeted from "pillar to post" in a vain search for a tribunal that can vouchsafe to them their rights. Their efforts to find a tribunal to adjudicate their rights should now end, and, in the light of the opinion by the Court of Appeals (supra) this court should again undertake to adjudicate the differences between the parties. This is true, even though tribunals of the Railway Labor Act might have had jurisdiction to adjust the controversy.

2. In a case very much like this one upon the facts, the Court of Appeals for the 7th Circuit, in Hunter v. Atchison, T. & S. F. Ry. Co., 171 F.2d 594, 598, specifically held that a decision was beyond the authority of a division of the Adjustment Board which made it. The court properly said that the Railway Labor Act "provides that disputes between a carrier and its employees 'growing out of * * * the interpretation or application of agreements concerning rates of pay, rules, or working conditions * * * may be referred by either party to * * * the Adjustment Board." But, "That the contract between the brakemen and the carrier which the Board purported to interpret

and apply is free from ambiguity can hardly be doubted." The same thing may be said of the contract sued on in this case. Be that as it may, the plaintiffs have exhausted the remedies before the tribunal to which the Court of Appeals relegated them and they are back in this court pleading for an adjudication of their rights. Under such circumstances there is no reason why this court should depart from the reasoning that prompted the original temporary restraining order in the case. For the purposes of this opinion, and for the future progress of the case, the court adopts the opinion and the findings of fact employed as a basis for the former orders made in the case.

This ruling will dispose of the incidental motions, such as the motion to dissolve the temporary restraining order and the motion to increase the bond. The reasoning employed in the first decision is applicable now, and the status of the case will be maintained as it was before the decision of the Court of Appeals. It should be ordered that the several motions of the defendants be denied.