BOYD EMORY

*v.*

DAVID KEIGHAN *et al.*

1.  CHANCERY—*amended supplemental bill after dismissal.*   After a suit in chancery has been dismissed, it is too late to file an amended supplemental bill, and, if filed, it does not become a part of the proceedings dismissed.   There

is no error in striking it from the files, especially where it shows no right to equitable relief, if treated as the commencement of a new suit.

2. FORMER ADJUDICATION—*as a bar to second suit.* The dismissal of a bill which is so defective as to show no right to relief, is no bar to a second showing of a right.

APPEAL from the Circuit Court of Ford county.

Mr. CHAS. H. WOOD, and Mr. C. H. FREW, for the appellant.

Mr. J. W. COCHRAN, and Mr. A. SAMPLE, for the appellees.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

The record in this case seems to show that a bill was filed by appellant against Keighan, in 1875, or before that time, and was pending at the December term of that year. A demurrer was filed to the same on the 7th of December, 1875, but the record fails to show what this bill was. At this stage, complainant had leave to file a supplemental bill, and the record says a supplemental bill was filed on the 10th of December, 1875, but the contents of that paper do not appear. On December 11th, 1875, the record says the demurrer to "complainant's bill" was sustained, and leave given to amend. On February 21, 1876, an amended bill was filed, to which a demurrer was filed, and sustained on the 15th of April, 1876, and the bill dismissed, and an appeal was allowed. This amended bill is set out in the record, but fails to show any sufficient ground of relief. The record does not show that the appeal was ever perfected.

It next appears from the record that, on the 11th of August, 1877, an amended supplemental bill was filed, and the cause placed upon the docket. This document is set out in full.

This supplemental bill, as it is called, was, on motion of defendants, by order of the court, stricken from the docket. At the same term, complainant moved to set this order aside. This motion was overruled, and the suit dismissed, and complainant appeals. It was too late, after the bill had been dis-

missed by order of the court for more than a year, to file this as a part of the proceedings of the suit which had been so dismissed.

The only view in which it can be even suggested that it was error to strike the case from the docket and dismiss the suit, would be to treat this amended supplemental bill as an original bill, (notwithstanding the name complainant has given it,) and as the commencement of a new suit. This view, if adopted, would avail the appellant nothing, for this document, filed August 11th, 1877, taken by itself, does not show any ground of relief. It fails to show that appellant has or ever had any interest in the premises. Some allusion is made in it to a mortgage to secure a note to McCullough, but nothing definite is stated from which the court can see that complainant has any interest in the property. The court did right in striking the cause from the docket. Even if that proceeding were erroneous, it is plain appellant is not injured, for there is nothing in the amended bill set out in the record, or in this so-called supplemental bill, which can bar a suit founded upon a bill showing that complainant is entitled to relief as against the Truesdale mortgage, and the proceedings under it.

The order of the circuit court is affirmed.

*Order affirmed.*