ASAHEL GAGE

*v.*

ADLAI T. EWING.

*Filed at Ottawa May 15, 1885.*

1. FORMER ADJUDICATION—*dismissal of bill for reasons not affecting the merits—whether a bar to a subsequent suit.* The dismissal of a bill in chancery because of a defect therein, such as a failure to allege a matter essential to the jurisdiction of the court, is no bar to a second bill in which such defect is cured or obviated by further and sufficient allegations.

2. Thus, where the owner of land filed a bill to set aside a tax title as a cloud on his title, which failed to show that the land was in the possession of the complainant, or was unimproved and unoccupied, so as to give a court of equity jurisdiction, its dismissal by the court is no bar to a second bill brought for the same purpose by a purchaser of the complainant in the former bill, purchasing during its pendency, which alleges that the premises are vacant and unoccupied.

Appeal from the Circuit Court of Cook county; the Hon. Thomas A. Moran, Judge, presiding.

Mr. Augustus N. Gage, for the appellant:

This suit was brought to remove as a cloud upon title the tax deed held by appellant, and that was the only object of the suit. This court has repeatedly held that chancery has jurisdiction for such purpose. The suit at bar is for precisely the same purpose, and none other, therefore the subject matter and the grounds for relief in the suit of *Gage* v. *Abbott* are identical, and the same as the subject matter and the grounds for relief in the suit at bar. *Thomson* v. *Morris,* 57 Ill. 333; *Theological Seminary* v. *Gage,* 103 id. 175; *Ohling,* v. *Luitjens,* 22 id. 23.

A decree or order dismissing a bill upon its merits, where there is no direction that the dismission be without prejudice, is conclusive until reversed, and is a good plea in bar to a new bill for the same matter. 2 Story's Eq. Jur. sec. 1523; *Forte* v. *Gibbs,* 1 Gray, 412; *Garrick* v. *Chamberlain,* 97 Ill. 620.

Messrs. W. G. & A. T. Ewing, for the appellee:

The dismissal of a bill which is so defective as to show no right to relief, is no bar to a second showing of a right. *Emory* v. *Keighan,* 88 Ill. 516.

In urging a former adjudication as an estoppel, the decree in the former suit must be as beneficial to the plaintiff as that which might be obtained in the second suit. 1 Daniell's Ch. Prac. 561, 633, 660.

A judgment upon a demurrer for a defect in the pleadings will not bar another action for the same cause. *Vallanding-ham* v. *Ryan,* 17 Ill. 25.

When, by a defect in pleading, the merits of an action or defence were not presented, a plea of former recovery will not be a bar to a second action. *Vallandingham* v. *Ryan,* 17 Ill. 25.

If the facts stated in a count being admitted or proved will not entitle the plaintiff to a judgment, a judgment for the defendant would not bar the plaintiff from suing again on the same contract. *Smalley* v. *Edey,* 19 Ill. 207; 3 Greenleaf on Evidence, secs. 35, 36; 2 Phillips on Evidence, chap. 2, sec. 2; 1 Chitty's Pleading, 198.

Judgment for defendant in ejectment, where it appeared at the commencement of the suit that the defendant was not in possession, will be no bar to another suit. *Oetgen* v. *Ross,* 54 Ill. 81.

Bigelow, in his work on Estoppel, (2d ed. page 21,) says: "Further, a judgment, in order to work an estoppel to another litigation, must have been rendered upon the merits. If the cause were dismissed upon some preliminary issue, as, upon a plea in abatement, the parties are at liberty to raise the main issue again, in any form they choose. * * * Judgment proceeds upon the merits when the original cause of action is decided upon."

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was a bill in equity, by appellee, against appellant, to remove two tax deeds as clouds upon his title, upon grounds sufficiently set forth in the bill. Appellant filed two pleas, the first setting up that the land mentioned in the bill was unimproved and unoccupied at the time of filing the bill, and that, because thereof, appellee had a complete remedy at law in an action of ejectment; and the second setting up, that the complainant purchased the property in question during the pendency of a bill in equity filed by his grantor, against the appellant, for the same purpose as the present bill, that the former cause was brought to issue, and the bill dismissed for want of equity, and such former adjudication is set up in bar of this suit. These pleas having been set down for argument, were overruled by the circuit court, and

2—114 ILL.

appellant electing to stand upon his pleas, a final decree was entered in favor of appellee. On appeal to this court, we held the circuit court properly overruled the first plea, but that it erred in overruling the second plea, and we remanded the cause to the circuit court for further proceedings consistent with that opinion. (*Gage* v. *Ewing*, 107 Ill. 11.) After the cause was remanded, replication was filed, and subsequently the cause was heard on bill, answer, proofs, etc., and the court decreed in conformity with the prayer of the bill, and this record is brought before us by appeal from that decree.

It appears that in this bill there is an allegation that the premises are unimproved and unoccupied, while in the bill set up in the second plea that allegation is wholly wanting; and the only question discussed upon this record is, whether, in the absence of that allegation, the suit set up in the second plea is a bar to the present suit. Our answer must be in the negative. When the suit set up in the second plea was before us, (*Gage* v. *Abbott*, 99 Ill. 366,) we held that because the bill failed to show that the complainant was in possession, or that the premises were unimproved and unoccupied, the decree of the circuit court granting the relief prayed for, was erroneous,—that one or the other of these allegations was essential to give the court jurisdiction. That bill not having been subsequently amended, but dismissed in conformity with our ruling, the decree therein can not be urged in bar of the relief sought by this bill. It contains the precise allegation because of the absence of which that bill was held to be defective. The dismissal of a bill because of some defect precluding relief, is no bar to a second bill in which such defect is cured, notwithstanding in other respects the material allegations are the same. *Emory* v. *Keighan et al.* 88 Ill. 516; 1 Daniell's Chancery Practice, (Perkins' ed.) 660.

The decree below is affirmed.

*Decree affirmed.*