(No. 15129.—Judgment affirmed.)

THE PEOPLE *ex rel.* Patrick J. Carr, County Collector, Appellant, *vs.* THE ILLINOIS CENTRAL RAILROAD COMPANY *et al.* Appellees.

*Opinion filed February 21, 1923—Rehearing denied April 6, 1923.*

1. TAXES—*assessment of property in wrong name does not render tax invalid.*  Under section 191 of the Revenue act the fact that property is assessed in the wrong name or in no name will not invalidate the assessment or the tax levied on such assessment.

2. SAME—*railroad track must be assessed as a whole.*  The relative value of the lands in the different localities over which a railroad track is laid is not to be considered in assessing the track but the entire track must be assessed as one piece of property, and the assessment of the track of four railroad companies in the city of Chicago separate from the rest of the track of each company and under a separate name will render the tax void as to the excess caused by the higher valuation of the separate track.  (*Michigan Central Railroad Co.* v. *Carr,* 303 Ill. 354, distinguished.)

3. SAME—*when reduction of excess tax does not amount to assessment by the court.* The reduction by the court of the excess tax of railroad companies in Cook county, caused by the assessment of certain track in the city of Chicago separate from the track in other localities, does not amount to a valuation or assessment of the property by the court, where the tax is merely reduced to what it would have been had the entire track of each objector been assessed as a whole, and where the inclusion of the more valuable separate property with the entire track will not appreciably raise the valuation of the whole.

4. RES JUDICATA—*when dismissal of bill on demurrer does not preclude adjudication in a subsequent proceeding.* The dismissal of a bill on demurrer because of some defect precluding relief is not an adjudication in a subsequent proceeding in which the defect is cured.

APPEAL from the County Court of Cook county; the Hon. F. S. RIGHEIMER, Judge, presiding.

ROBERT E. CROWE, State's Attorney, GEORGE E. GORMAN, and WILLIAM H. DUVAL, (HAYDEN N. BELL, and W. W. DEARMOND, of counsel,) for appellant.

JOHN G. DRENNAN, VERNON W. FOSTER, RUSSELL B. JAMES, WINSTON, STRAWN & SHAW, and EDGAR R. HART, (WALTER S. HORTON, of counsel,) for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county collector of Cook county applied to the county court for judgment and order of sale of lands and lots delinquent for taxes for the year 1921. The appellees, the Illinois Central Railroad Company, the Michigan Central Railroad Company, the Chicago, Burlington and Quincy Railroad Company and the Chicago and Northwestern Railway Company severally filed objections to the taxes against 71/100ths of a mile of railroad property in the city of Chicago assessed to the St. Charles Air Line Railway Company as main track, second main track, side-track and turn-outs. Each objector alleged its ownership of an undivided one-

fourth of the property, and the objections were consolidated. On a hearing the objections were sustained so far as the property was assessed and taxed as a separate and distinct railroad of the St. Charles Air Line Railway Company and not to the real owners and so far as the assessed value was in excess of the value of the property as a part of the respective railroads of the objectors. Judgment was entered accordingly, from which the collector appealed.

There is not, and never has been, any corporation existing in fact or known as the St. Charles Air Line Railway Company, but the four railroad companies, the Illinois Central Railroad Company, the Michigan Central Railroad Company, the Chicago, Burlington and Quincy Railroad Company and the Chicago and Northwestern Railway Company in 1852 purchased the strip of land in question for right of way from a connection with the Illinois Central railroad to the west bank of the south branch of the Chicago river and built thereon at their joint expense tracks connecting their railroad systems for interchange of business. Each railroad company is the owner of an undivided one-fourth interest in the connection and tracks, and they were used only for the contemplated purpose until 1881. In that year the Illinois Central Railroad Company constructed its western line from the main line to Omaha, Nebraska, under the name of Chicago, Madison and Northern railroad, and adopted tracks on this property, already acquired and constructed, as a part of its continuous line of railroad to Omaha. Passenger and freight trains have run thereon as a part of the line. In 1899 an ordinance of the city of Chicago was passed requiring the railroad companies to elevate their tracks, and that was done. The separate interests of the railroad companies were assessed to them severally, but in 1920 the State tax commission assessed the property as an independent railroad of the St. Charles Air Line Railway Company. A like assessment was made in 1921, and the tax objected to was levied on that assessment. The

assessments of the several railroad systems for 1921 were proved, showing that the assessment of this property per foot as main track, second main track and side-track was very many times greater than the assessments of the several railroads and many times what the assessment would have been if the property had been assessed as the property of the real owners, as parts of their respective railroad systems. The objections sustained were to the excess in each case above the assessment for the same year of like property as a part of the respective railroads.

It is true as stated by counsel for the appellant that the sole fact that the tax commission assessed the property as a separate railroad of the St. Charles Air Line Railway Company did not make out a case of excessive valuation such as vitiated the assessment. Under section 191 of the Revenue act the fact that property is assessed in the wrong name or in no name will not invalidate the assessment or a tax levied on such assessment. While that fact was of little or no importance, it was not the sole fact appearing, but it was proved that the property was assessed at many times the assessed value of other parts of the same class of property of the same owners. Under the law a railroad is to be assessed as a unit and as a whole. Under sections 42 and 43 of the Revenue act, railroad track is to be listed and taxed in the several counties, towns, villages, districts and cities in the proportion that the length of the main track in such county, town, village, district or city bears to the whole length of the road in this State. The relative value of the lands in the different localities over which a railroad track is laid is not to be considered in assessing the track, but the track, as a whole, is a single property, not to be assessed upon any higher valuation per mile in one locality than in another. *Law* v. *People,* 87 Ill. 385; *People* v. *Illinois Northern Railway,* 248 id. 532.

It is further contended that the court made an assessment of the property to the several owners, which it had

no authority to do. The court did not assess the property but only relieved against the excess by eliminating that portion of the tax due to the excess and reducing the tax to the same level as the assessment of other like property of the objectors. If, as claimed, the real estate in Chicago on which the tracks were laid is worth forty-four times the value of like acreage elsewhere, the inclusion of this property on that basis as parts of the whole railroad systems would not appreciably raise the valuation placed upon a whole extensive railroad system.

The final argument is that the same legal question was decided in *Michigan Central Railroad Co.* v. *Carr,* 303 Ill. 354, and that the decision is controlling in this case. The superior court sustained a special demurrer to the bill of complaint in that case, and this court affirmed the decree on the ground that the bill was lacking in averments of fact calling for the relief prayed for. There were no statements of fact showing that the taxes of the Michigan Central Railroad Company were increased by the method of assessment; it was not stated how or in what manner other similar railroad track was assessed; there was no allegation from which it could be determined what was the proper and lawful tax if it was not the tax assessed; there were no allegations what the taxes had been on the property before or from which it could be determined the tax was excessive, and the other joint owners were not parties to the suit. The conclusion of the court was that the decision of the tax commission ought not to be disturbed until all the facts bearing on the question could be considered. The dismissal of a bill on demurrer because of some defect precluding relief is not an adjudication in a subsequent proceeding in which the defect is cured. *Emory* v. *Keighan,* 88 Ill. 516; *Gage* v. *Ewing,* 114 id. 15; *Farwell* v. *Great Western Telegraph Co.* 161 id. 522.

The judgment is affirmed.

*Judgment affirmed.*