**Chicago Title and Trust Company, Appellee, v. Jessie Provol et al., Appellants.**

**Gen. No. 38,428.**

Opinion filed November 5, 1935.

Irving N. Stenn and Aaron Soble, both of Chicago, for appellants.

Stearns & Jones, of Chicago, for appellee; Lloyd M. McBride, of Chicago, of counsel.

Mr. Justice Friend delivered the opinion of the court.

In a foreclosure proceeding instituted by Chicago Title & Trust Co., plaintiff herein, versus Jessie Provol et al., defendants, a deficiency judgment was entered by the circuit court September 28, 1934, against W. Lee Provol and Jessie Provol for $6,433.14. Execution issued thereon and was delivered to the sheriff April 23, 1935. April 29, 1935, before the sheriff had made his return, complainant filed a creditors' bill seeking to subject a fund then on deposit in the First National Bank of Chicago, of which defendants were alleged to· be beneficial owners, to the payment of the deficiency judgment, and also a temporary injunction to restrain the bank from paying out the money on deposit or any part thereof pending the final determination of the cause. The injunction issued May 2, 1935, but was subsequently dissolved May 29, 1935, on motion of

defendants, and the complaint was dismissed for want of equity on the ground that the essential jurisdictional allegations of demand by the sheriff and return of the execution unsatisfied were lacking.

On the same day that the execution was returned by the sheriff showing the judgment unsatisfied in whole or in part, plaintiff filed a second creditors' bill alleging substantially the same facts but including the additional averment with reference to the return of the execution by the sheriff. Upon notice duly served, the court issued an injunction June 7, 1935, temporarily restraining First National Bank from paying out any of the fund then on deposit belonging to defendants. Defendants subsequently moved to dissolve the injunction, and in support of their motion filed a lengthy verified statement setting forth in substance the allegations of the first complaint, the court's dismissal thereof, the sheriff's return of the execution May 29, 1935, the temporary restraining order, and urging particularly that the injunction be dissolved on the ground that there was an identity of parties and subject matter in both complaints and that the dismissal of the first complaint was a final adjudication of the rights of the parties. The court denied the motion, and this interlocutory appeal to reverse the order followed.

If the verified statement, filed by defendants to support their motion to dissolve the injunction and dismiss the complaint, be considered in the nature of a plea of *res adjudicata,* the principal question for determination is whether the order or decree of May 29, 1935, was a final adjudication of the rights of the parties. It is conceded that the first complaint, which was dismissed, differed from the second, on which the injunction is predicated, only in that it failed to allege a demand by the sheriff and the return of the execution unsatisfied. The rule is well settled that where a judgment creditor seeks to satisfy a judgment out of equitable assets belonging to a judgment debtor an execu-

tion must have been issued and returned unsatisfied in whole or in part. The purpose of the proper return of the execution is to show that the judgment creditor has exhausted all his legal remedies before he applies to a court of equity for relief. Such allegations constitute the ground upon which equity will entertain jurisdiction. (*Newman v. Willetts,* 52 Ill. 98; *Detroit Copper & Brass Rolling Mills v. Ledwidge,* 162 Ill. 305; *Scheubert v. Honel,* 152 Ill. 313.)

When the first complaint was filed the sheriff had not yet made his return on the execution delivered to him April 23, 1935, and it was therefore manifestly impossible for plaintiff to make any allegation with reference to the sheriff's return. We think this amounted to nothing more than a premature filing of the complaint, because plaintiff's legal remedy had not then been exhausted, and upon this theory the court properly dismissed the complaint. It did not, however, preclude plaintiff from filing another bill after the execution had been returned containing the necessary jurisdictional allegations, and that is precisely what occurred in these proceedings.

In *Kenealy v. Glos,* 241 Ill. 15, plaintiff filed a bill to quiet title. He was then neither in possession of the lot nor was it vacant and unoccupied. He was interested therein only as a holder of a master's certificate under a foreclosure. The bill was dismissed for want of equity. Subsequently he filed a second bill and alleged that he was then the owner by virtue of a master's deed, and was in possession. A plea of *res adjudicata* was interposed, but overruled by the court. The Supreme Court, in reviewing the proceeding, said:

"The effect of that decree was an adjudication that appellee was not then entitled to maintain his bill. . . . The present suit is based upon rights acquired by appellee since the former proceeding was disposed of."

In *Brackett v. People,* 115 Ill. 29, the collector of Peoria county filed an application for judgment for a

special assessment against appellant's lot. Objections were filed on the ground that the collector had previously applied for the same judgment. The objection was sustained on the ground that it constituted a prior adjudication. The ground for the first objection was that the warrant issued by the city clerk was void because the assessment roll had never been certified by the commissioners to the clerk. Between the first and second applications for judgment the assessment roll was certified, as required. The Supreme Court held that the defect had been cured, and the judgment on the second application was affirmed, the court saying:

"A judgment against a party because the action was prematurely brought (and that, in effect, was the objection . . .) is no bar to a suit subsequently brought after the cause of action properly accrued."

In *Gage v. Ewing*, 114 Ill. 15, and *Peek v. Woman's Home Missionary Society of M. E. Church*, 293 Ill. 337, the original complaints were bills to quiet title. Both complaints omitted allegations necessary to equity jurisdiction, namely, that plaintiff was either in possession or that the land was unoccupied, and both bills were dismissed for want of equity. Second complaints were filed containing the necessary allegations. The Supreme Court in each instance held that the prior decrees of dismissal were not *res adjudicata* of the subsequent suits. In the *Gage* case the court set forth the rule as follows (p. 18):

"When the suit set up in the second plea was before us . . . we held that, because the bill failed to show that the complainant was in possession, or that the premises were unimproved and unoccupied, the decree of the circuit court, granting the relief prayed for, was erroneous; that one or the other of these allegations was essential to give the court jurisdiction. That bill not having been subsequently amended, but dismissed in conformity with our ruling, the decree therein cannot be urged in bar of the relief sought by this bill. It

contains the precise allegation because of the absence of which that bill was held to be defective. The dismissal of a bill because of some defect precluding relief is no bar to a second bill, in which such defect is cured, notwithstanding in other respects the material allegations are the same. . . ."

In *People v. Illinois Cent. R. Co.*, 307 Ill. 265, the court sustained a special demurrer to a complaint seeking to alter a decision of the tax commission because "the bill was lacking in averments of fact calling for the relief prayed for." It was held, however, that the decree did not preclude raising the question in a subsequent action because "the dismissal of a bill on demurrer because of some defect precluding relief is not an adjudication in a subsequent proceeding in which the defect is cured." We regard these cases as controlling, and hold that the dismissal of the first complaint was not an adjudication of the rights of the parties, but was merely an adjudication that plaintiff was not then entitled to maintain his bill.

It is urged by defendants, however, that plaintiff could have alleged the insolvency of defendants as a jurisdictional ground for entertaining the first complaint, without alleging that the execution had been returned unsatisfied, and they cite *Wojtas v. Rachel*, 267 Ill. App. 148, to sustain their position. In that case, however, the insolvency of defendants was admitted, and no point was raised in the trial court as to the lack of necessary allegations to vest the court with jurisdiction. It may well be that plaintiff in this proceeding could not truthfully have alleged the insolvency of defendants, and therefore we cannot hold that such allegation should have been made in lieu of one relating to the return of the execution.

On the question of *res adjudicata* defendants rely on several Illinois decisions wherein the parties sought to relitigate questions of title on which there had been decisions adverse to their interests in prior litigation.

(*Godschalck v. Weber,* 247 Ill. 269; *Klus v. Ruszel,* 353 Ill. 179; *Rubin v. Kohn,* 344 Ill. 166.)   The question of premature actions or pleadings, defective only as to requisite jurisdictional facts, was not involved.   In the *Godschalck* case the court, recognizing the distinction between an adjudication of the rights of the parties on the merits of the litigation and defective pleadings or jurisdictional ground, said (p. 276):

"The dismissal of a bill for a defect going to the jurisdiction of a court of equity does not constitute a bar to another bill or action at law.   (*Gage v. Ewing,* 114 Ill. 15; *Lundy v. Mason,* 174 Ill. 505.)   But this rule does not apply here, for the case presented was within the jurisdiction of equity and it was decided on its merits."

We think the case at bar falls squarely within the decisions holding that dismissal of a suit for lack of allegations in the complaint affording equity jurisdiction is no bar to a subsequent action where the necessary allegations are made.

During the pendency of this cause in the Appellate Court plaintiff filed a motion to dismiss the appeal because the record was not filed within 30 days after the injunctional order was entered.   It was filed, however, within 30 days after the motion to dismiss was denied.   Sec. 78 of the Civil Practice Act (Illinois State Bar Stats. 1935, ch. 110, ¶ 206) reads as follows:

"Whenever an interlocutory order or decree is entered granting an injunction, or overruling a motion to dissolve the same, . . . an appeal may be taken therefrom to the Appellate Court; Provided, that such appeal is taken and the record is filed in said Appellate Court within thirty days from the entry of such interlocutory order or decree, . . ."

Rule 21 of this court provides that:

"Where an interlocutory order or decree is entered on an *ex parte* application, the party proposing to take an appeal therefrom shall first present, on notice, a

motion to vacate the order or decree to the trial court entering such order or decree. Appeal may be taken if the motion is denied, or if the court does not act thereon within seven days after its presentation. In such cases the thirty days allowed for taking appeal and filing the record in this court shall begin to run from the day the motion is denied or from the last day for action thereon.''

Rule 21 explicitly provides that ''the thirty days allowed for taking appeal and filing the record in this court shall begin to run from the date the motion is denied or from the last day for action thereon.''

Chap. 69, sec. 15 on Injunctions (Illinois State Bar Stats. 1935) provides that ''a motion to dissolve an injunction may be made at any time upon answer or for want of equity on the face of the complaint,'' and sec. 17 provides that ''the defendant may support his answer by affidavits filed with the same, which may be read in evidence on the hearing of the motion to dissolve the injunction.''

If we were to adopt the construction sought to be placed upon the statute and rule by plaintiff, situations might arise where a defendant would lose his statutory right to appeal because in some instances it would necessarily require 30 days or more to prepare an answer and procure the requisite affidavits to support a motion to dissolve. We think that the statute and rule are both clear on this point, and that the 30-day period provided for taking appeal and filing the record begins to run from the date the motion is denied or from the last day for action thereon.

Accordingly the motion to dismiss the appeal will be denied, and the order of the circuit court granting a temporary injunction will be affirmed.

*Affirmed.*

SCANLAN, P. J., and SULLIVAN, J., concur.