**UNITED STATES PIPE AND FOUNDRY COMPANY, a corporation, Plaintiff,**

v.

**JAMES B. CLOW & SONS, Inc., a corporation, Defendant.**

**Civ. A. No. 8434.**

United States District Court
N. D. Alabama, S. D.
Oct. 19, 1956.

Hugh P. Carter, Jennings, Carter & Thompson, and Peyton N. Finch, Jr., Birmingham, Ala., for plaintiff.

D. K. McKamy, Burr, McKamy, Moore & Thomas, Birmingham, Ala., Patrick H. Hume, Wilkinson, Huxley, Byron & Hume, Chicago, Ill., and Charles M.

Price, MacLeish, Spray, Price & Underwood, Chicago, Ill., for defendant.

LYNNE, Chief Judge.

Moving to dismiss the above-styled action upon the general ground of failure of the complaint to state a claim upon which relief may be granted, defendant insists that the alternative claims for an accounting for royalties under the licensing agreement with reference to plaintiff's patented process or for damages for infringement of its patent were prematurely brought.

Excellent briefs and oral arguments of counsel have diminished the labor of the court in a search for relevant precedents but require at least a token statement of the reasons underlying the court's disposition of the motion to dismiss.

Proffered by plaintiff, at the court's request, and attached to the complaint, the contract or license agreement, by its clear and unambiguous terms, makes out a prima facie showing of prematurity of action with respect to the claim for an accounting for royalties due thereunder.

Tested by the averments of the complaint, aided by the language of the agreement, the royalty period concerned commenced April 1, 1956, and ended June 30, 1956. Paragraph 7 of the contract reads:

"7. Within thirty (30) days after the end of each royalty period, the Licensee shall:

"(a) Render to the Licensor a true statement of all pipe manufactured hereunder, and sold by Licensee during such royalty period, the tonnages thereof, and the royalty due and payable thereon, which statement shall be certified by a responsible officer or employee of Licensee as full, true and correct; and

"(b) Pay to the Licensor the total amount of the royalty due and payable for such royalty period as shown by the statement therefor."

The complaint herein was filed July 6, 1956.

The reasoning of Judge Hook in City of Trinidad v. Hokasona, 8 Cir., 1910, 178 F. 438, 440 is peculiarly apposite here:

"It seems quite clear * * * that when the action was brought the [defendant] was under no present duty to pay. * * * An action begun before the accrual or maturity of the demand is premature and should be dismissed."

But plaintiff was not so naive as to rest its claim there. On the other hand, setting out in haec verba defendant's letter to it, dated April 20, 1956,[1] plaintiff contends that such letter

1. "United States Pipe and Foundry Company

"3300 First Avenue North

"Birmingham 2, Alabama

"Att.—Mr. C. S. Lawson, President

"Gentlemen:

"Following an extended investigation of our manufacturing processes by our technical people and our attorneys, we have been advised that our present manufacturing practices and processes do not come within the terms of your Patent No. 2,399,606 originally issued to Arthur E. Schuh and Alfred Boyles under date of April 30, 1946. As you know, this patent is the subject matter of your License Agreement to James B. Clow & Sons dated July 22, 1948. Inasmuch as we are not operating under this patent, effective April 1, 1956, we are making no further reports or royalty payments thereunder.

"Referring specifically to Paragraph Numbered 10 thereof, we also elect to cancel the said License Agreement dated July 22, 1948, such cancellation to be effective six months after receipt of this notice by you. As a matter of record for our files we will appreciate receiving your acknowledgment of this notice, stating the date of receipt, so that we may determine the exact date when the six months notice period will expire.

"Very truly yours,

"James B. Clow & Sons, Inc.

"By S/ John Madden
            President"

"J.Madden

K

amounted to a repudiation of the contract; constituted an anticipatory breach thereof, and permitted the immediate institution of a suit thereon.

That such letter should not be read as an entire, absolute and unequivocal repudiation of the contract seems clear. If defendant was not using in its manufacture of pipe the invention covered by plaintiff's patent, it was under no obligation to make reports and royalty payments for the period concerned. The letter stated that such invention was not being used. But, recognizing the subsistence of the agreement and its obligation to account thereunder if found to be using the patent, it gave notice of cancellation of such contract as required by its terms.

Since the court is firmly of the opinion that such letter falls far short of a repudiation which would constitute an anticipatory breach, it is unnecessary to consider whether the license agreement is a bilateral, wholly executory contract, as plaintiff contends, or executory only on behalf of defendant, as it insists.

█ If the court is right to this point, it follows that a claim, ex delicto, for infringement of the patent, filed during the continuance of the license agreement and before the effective date of its cancellation, is obviously premature.

No mental acuity is required to perceive that the anxiety of the parties is focused upon the terms of the order of dismissal which the court concludes must be entered herein. If plaintiff is made to begin anew in this court to claim royalties which, if due at all, were due July 30, 1956, it seems that the real issue of infringement must be litigated in the declaratory judgment action commenced in the District Court of New Jersey on September 14, 1956.

█ For the present, at least, this court is committed to the proposition that a supplemental complaint is proper only where the original complaint states a claim on which relief can be granted. Bonner v. Elizabeth Arden, Inc., 2 Cir., 1949, 177 F.2d 703, 705; Bowles v. Senderowitz, D.C.E.D.Pa.1946, 65 F.Supp. 548; Randolph v. Missouri-Kansas-Texas R. Co., D.C.W.D.Mo.1948, 78 F.Supp. 727; Berssenbrugge v. Luce Mfg. Co., D.C.W.D.Mo.1939, 30 F.Supp. 101.

In its Report of Proposed Amendments to the Rules of Civil Procedure for the United States District Courts, October 1955, the Advisory Committee recognized that there has developed a judicial gloss on Rule 15(d) to this effect and has recommended a change to remove it. This court is not inclined to speculate on what effect such a change, when and if it is adopted, would have on the present problem.

That there may be advantages inherent in the preemption of a forum is evident from the attitudes of the parties. Apparent injustice would result if the court should permit the amendment of the complaint or the filing of a supplemental complaint to count upon events occurring after commencement of the action, thereby protecting plaintiff's choice of a forum although its suit was premature.

An order will be entered, dismissing this action, denying plaintiff leave to amend its complaint or to file a supplemental complaint, but providing that such order is without prejudice to plaintiff's assertion of its rights under its patent or the licensing agreement in this or any other court.