**LA SALLE NATIONAL BANK, not personally but as Trustee, under Trust No. 17365 and Aaron B. Weiner, Plaintiffs-Appellants,**

v.

**222 EAST CHESTNUT STREET CORPORATION, Defendant-Appellee.**

**No. 12478.**

United States Court of Appeals
Seventh Circuit.

May 1, 1959.

Rehearing Denied June 29, 1959.

Milton I. Shadur, Robert Plotkin, Chicago, Ill. (Abner J. Mikva, Chicago, Ill., on the brief), for plaintiffs-appellants.

Joseph F. Elward, Chicago, Ill. (Edward S. Macie, Chicago, Ill., on the brief), for defendant-appellee.

Before DUFFY, Chief Judge, SCHNACKENBERG, Circuit Judge, and WHAM, District Judge.

DUFFY, Chief Judge.

Plaintiffs herein planned to construct a twenty-three story brick apartment building and a three story attached brick garage, on property owned by them on Delaware Place, Chicago. The construction costs were estimated at $2,500,000.-00. Defendant herein brought three civil actions against plaintiffs each charging violation of the zoning ordinance of the City of Chicago. The three actions were unsuccessful. These actions may be designated as 1) the Zoning Variation suit (56 S 5518) finally determined by the Supreme Court of Illinois; 2) the State Court Injunction suit (56 S 4196) finally determined by the Appellate Court of Illinois, First Division, and 3) the Federal Court Injunction suit (57 C 160) which was finally determined by this Court, 253 F.2d 484. The letters and figures in parentheses in each case indicate the official designation of the case in the respective courts. To avoid confusion, when reference is made to the plaintiff in each of these three suits, it will be called "222."

Plaintiffs brought the suit now before us to recover damages occasioned by the alleged malicious prosecution of two of these actions. The matter is here on the pleadings as the trial court, on defendant's motion, dismissed the suit with prejudice on the grounds 1) the action based on one of the suits (56 S 5518) is barred by *res judicata* and 2) that part of the action based upon the second suit (57 C 160) fails to state a claim upon which relief can be granted.

In order to obtain building permits, plaintiffs, on December 6, 1955, filed an application with the Zoning Board of Appeals of the City of Chicago for a variation of the Chicago zoning ordinance to permit the erection of the apartment building on the front lot line of the premises which they owned. Plaintiffs claimed that if the building were so erected, it would be in direct line with all other buildings located in that block. Five hearings were held by the Board of Appeals. 222 was the sole objector to plaintiffs' application. 222's claimed interest was based on its ownership and operation of an apartment building upon a different but nearby street. At the nearest point 222's property was 184½ feet from plaintiffs' property. On March 13, 1956, the Board of Appeals determined the variation sought by plaintiffs should be allowed.

A building permit was not issued because on March 29, 1956, 222 filed a complaint in the Superior Court of Cook County (56 S 5518) against plaintiffs herein and certain municipal officials seeking to reverse the action of the Board of Appeals and to prevent the Commissioner of Buildings from issuing a building permit. On June 27, 1956, the Superior Court of Cook County affirmed the decision of the Board of Appeals and refused to grant a supersedeas to 222. On August 7, 1956, the Commissioner of Buildings issued the permit and shortly thereafter plaintiffs commenced work on the foundation of the buildings.

222 took an appeal to the Supreme Court of Illinois, and filed a motion for a supersedeas and stay order before a justice of the Illinois Supreme Court. On September 5, 1956, Justice Schaefer granted the supersedeas and stay order which specifically prohibited further construction of said buildings pending the final disposition of the case in the Illinois Supreme Court. As a condition precedent to the issuance of the supersedeas order, defendant herein was required to and did execute and file a supersedeas bond in the amount of $60,000.00. On November 26, 1956, the Supreme Court of Illinois ruled that 222 had no standing to bring the action and affirmed the decision of the Superior Court. 222 East Chestnut St. Corp. v. Board of Appeals, 10 Ill.2d 310, 139 N.E.2d 221. On December 19, 1956, the supersedeas and stay order was terminated and dissolved. Plaintiffs again applied to the Commissioner of Buildings for the issuance of a building permit, and on January 31, 1957 such permit was issued. Shortly thereafter construction was resumed. On January 23, 1957 the Supreme Court denied 222's petition for rehearing.

On March 8, 1956, while the Zoning Board of Appeals hearings were in progress, 222 filed a separate suit for injunction in the Superior Court of Cook County (56 S 4196). In that suit 222 prayed that the issuance of building permits to plaintiffs be enjoined. The basis of the complaint was that the proposed construction would violate the zoning ordinance by being too close to the rear lot line of the property. After eight hearings and a number of continuances, the Superior Court, on September 25, 1956, dismissed the suit for want of equity. 222 appealed to the Appellate Court of Illinois, First District. On November 6, 1957, the Appellate Court affirmed the decree of the Superior Court on the ground that 222 had not established that it had suffered or would suffer any injury by reason of the construction of the buildings. 15 Ill.App.2d 460, 146 N.E. 2d 717. A rehearing was denied and

leave to appeal was denied by the Supreme Court of Illinois.

On January 30, 1957, 222 filed a suit in the United States District Court for the Northern District of Illinois, Eastern Division (57 C 160), again seeking to enjoin the issuance of construction permits, and to enjoin plaintiffs from erecting the building. On July 24, 1957, the District Court dismissed the suit because 222 failed to allege sufficiently that the court had jurisdiction, and further, because the matter complained of was barred by *res judicata*. 222 took an appeal to this Court and we affirmed the decision of the District Court, 222 East Chestnut St. Corporation v. LaSalle National Bank, 253 F.2d 484, certiorari denied 358 U.S. 827, 79 S.Ct. 44, 3 L.Ed. 2d 66, rehearing denied 358 U.S. 901, 79 S.Ct. 220, 3 L.Ed.2d 151. This Court's decision was on the ground that 222 did not have any right to bring the action.

The holding below that plaintiffs herein are barred because of *res judicata* is based upon what we may designate the First Malicious Prosecution Suit (56 C 6110) which was filed by plaintiffs herein on September 27, 1956 in the United States District Court for the Northern District of Illinois, Eastern Division. This was prior to the filing by 222 of the Federal Court Injunction Suit (57 C 160) and was during the pendency of the Zoning Variation Suit before the Illinois Supreme Court (56 S 5518). On November 30, 1956, plaintiffs filed a supplemental complaint setting forth the termination of the Zoning Variation Suit in their favor. 222 resisted this effort on grounds, *inter alia,* that " * * * If an essential element is then [at the time of filing the original suit] missing the fact that this missing element later comes into existence, cannot be given a retroactive effect so as to supply *nunc pro tunc* the deficiency, at the time of original filing." On July 25, 1957, the court dismissed the complaint in the First Malicious Prosecution Suit for the reason that "it fails to allege a special interference by the deft with pltfs or pltfs' property by arrest, injunction, attach-

ment or other provisional writ as required by the controlling Illinois authorities."

On August 16, 1957, plaintiffs filed a motion for leave to reinstate, amend and supplement plaintiffs' complaint and amendment to complaint in the First Malicious Prosecution Suit (56 C 1610). 222 filed a motion to strike. On October 7, 1957, plaintiffs orally moved the court to withdraw the motion for leave to reinstate, etc. The court granted the motion. That ended the First Malicious Prosecution Suit (56 C 1610).

On August 29, 1957, prior to the commencement of the suit at bar, plaintiffs filed a suit in the United States District Court against 222 on the $60,000.00 supersedeas bond. In that suit plaintiffs asked $60,000.00 damages because of delays caused by 222 in the erection of plaintiffs' buildings. Thus, there are now pending two suits against 222 covering at least in part the same items of damage. The first (57 C 1457) against 222 and the corporate surety for $60,-000.00 on the supersedeas bond; and second, the instant suit wherein plaintiffs seek $1,000,000.00 damages for malicious prosecution.

We shall first consider the holding of the District Court that "the action herein (except that portion thereof which relates to suit filed in the United States District Court as No. 57 C 160) should be dismissed because it is barred by *res judicata*." On oral argument before this court, both parties agreed that Illinois law is applicable. We shall endeavor to ascertain and apply pertinent Illinois law.

It is well settled Illinois law that where a prior suit was dismissed on the merits for lack of substance, the bar of *res judicata* is not limited to the grounds set up in the prior suit but extends to all other grounds for recovery which then existed and might have been presented and adjudicated. Godschalck v. Weber, 247 Ill. 269, 93 N.E. 241. However, the basic and difficult question is whether the first suit for malicious prosecution was dismissed upon the merits. 222 claims the dismissal was on the merits because it was based on a failure to allege "special interference." Plaintiffs herein argue to the contrary, pointing out there was only a dismissal of the complaint and not of the cause of action, and insisting that the basis for the dismissal was technical defects in the pleading.

222 relies heavily upon Godschalck v. Weber, supra. Plaintiff there brought a bill to establish her equity in certain real property. The basis of the claim was an alleged agreement with one Fulmer. The bill was dismissed and several years later the same plaintiff again sued on the same agreement, but alleged certain facts not included in the first bill. The court held, 93 N.E. at page 242, that the decree dismissing the first bill was an adjudication that plaintiff had no interest in the land and was a bar to her maintenance of the second suit.

222 also relies upon People ex rel. v. Harrison, 253 Ill. 625, 97 N.E. 1092. The language used in that opinion is somewhat confusing but we think the court was announcing the rule that if a party has no standing to sue the first time, he cannot, under the same basic allegations, acquire standing to sue a second time no matter how many new allegations are made with respect to other aspects of the case.

In a number of cases Illinois courts have held that complaints dismissed for failure to allege facts constituting a cause of action do not constitute a bar to a subsequent action in which the cause is well pleaded. Vanlandingham v. Ryan, 17 Ill. 25, failure to allege consideration; Smalley v. Edey, 19 Ill. 207, failure to allege performance of a condition precedent to a liability on a note; Emory v. Keigham, 88 Ill. 516, total failure to allege any facts showing a right to the property in question; Gage v. Ewing, 114 Ill. 15, 28 N.E. 379, failure to allege possession in an action to quiet title; Peek v. Woman's Home Missionary Society, 293 Ill. 337, 127 N.E. 760 (same as Gage case); People ex rel. v. Illinois C. R. R. Co., 307 Ill. 265, 138 N.E. 593,

failure to allege factual basis for an attack on an assessment; Kohler v. City of Kewaunee, 321 Ill.App. 479, 53 N.E.2d 479, "insufficiency of allegations."

In all the cases cited in the foregoing paragraph the question whether consideration, the performance of a condition precedent, etc., were established by proof might well be matters of substance. Yet subsequent actions based upon complaints in which the defects in the pleadings were cured, were held not to be barred, although in some of the cases the allegations omitted in the first complaint were matters within the knowledge of the plaintiff at the time the pleadings were filed.

■ This survey of Illinois cases indicates that Illinois courts are reluctant to apply the doctrine of *res judicata* unless it is quite clear that the substantive issues involved in the litigation have been adjudicated. In other words, that there has been a determination on the merits.

Illinois law pertaining to premature suits also throws some light on the policy considerations involved in this appeal. Illinois follows the Restatement on this question. Section 54 of the Restatement of Judgments states: "Where a judgment is rendered for the defendant on the ground of the non-existence of some fact essential to the plaintiff's cause of action, the plaintiff is not precluded from maintaining an action after such fact has subsequently come into existence."

In Bacon v. Shepflin, 185 Ill. 122, 56 N.E. 1123, 1126, an action was brought on a note before it matured. The Court said: " * * * A final judgment, where a plea in bar has been filed, is conclusive as to the cause of action involved and existing at the time of bringing suit; but it is a well-settled principle in relation to the subject of *res judicata* that a former adjudication never affects after-acquired rights. * * * " The significance of Bacon would seem to be that Illinois law does not regard the doctrine of *res judicata* applicable to the situation

described although the defendant was "twice vexed" for the same cause.

■ We hold the dismissal of the complaint in the First Malicious Prosecution Suit for the reason it failed to allege a special interference by the defendant with plaintiff or plaintiffs' property, was not a determination upon the merits, and that the District Court erred in holding the instant case was barred by the doctrine of *res judicata*.

Assuming *arguendo* that the order dismissing the complaint in the First Malicious Prosecution Suit was a judgment on the merits, it would not necessarily follow that the instant action would be barred under the doctrine of *res judicata*.

■ As hereinbefore stated, under Illinois law a judgment on the merits is conclusive as to all matters which might properly have been raised and determined. Godschalck v. Weber, 247 Ill. 269, 93 N.E. 241. But, the essential element found to be lacking in plaintiffs' original complaint was not such a matter, since that element did not exist in law or in fact at the time of the filing of that complaint.

■■ First, it is settled Illinois law that a complaint for malicious prosecution "must allege facts showing that the prior litigation had terminated at the time of the filing of the complaint and that it had terminated favorably to plaintiff." 25 I.L.P. § 33, p. 594, and cases there cited. Since the Zoning Variation Suit and the supersedeas and stay order had not been so terminated at the time plaintiffs filed their complaint, it would have been impossible for them to have met this requirement of Illinois law.

■ Second, as to the argument that the missing element could have been supplied by amendment, 222's own argument in support of its motion to strike the November 30, 1956 supplemental complaint now comes back to haunt it. It is well established that a plaintiff cannot cure a defective complaint by a supplement alleging subsequently occurring events. United States Pipe & Foundry Co. v. James B. Clow &

Sons, Inc., D.C., 145 F.Supp. 380, 382; Bonner v. Elizabeth Arden, Inc., 2 Cir., 177 F.2d 703, 705; Bowles v. Senderowitz, D.C., 65 F.Supp. 548, 551 (modified on other grounds in Porter v. Senderowitz, 3 Cir., 158 F.2d 435). The rule is clearly set out in the Bowles case, the court saying in 65 F. Supp. at page 551:

"Although Rule 15(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following Section 723c, permits a party to set forth transactions or events which happened after the filing of the complaint, the supplemental pleading is merely a continuation of the complaint justifying other or further relief. * * * However, if plaintiff did not have a cause of action at the time the complaint was filed, he could not, by a supplemental pleading, allege a cause of action thereafter accruing because of subsequent happenings or events. * * * The Federal Rules of Civil Procedure, therefore, have not effected any change with regard to the requirement that facts constituting a cause of action must exist at the time suit is commenced. * * *"

Thus it avails 222 nothing to argue now that plaintiffs could have and were obliged to set forth the termination of the Zoning Variation Suit by supplemental pleading, and it is apparent that the rule of the Godschalck case does not apply.

222 cites the early case of Gorton v. Brown, 27 Ill. 489, to demonstrate that, irrespective of our resolution of the res judicata question, plaintiffs cannot hope to recover. Gorton stood for the proposition that a bond given on obtaining an injunction is the sole remedy of the party wrongfully enjoined. While never expressly overruled, the value of that case as precedent in Illinois has been seriously impaired, if not altogether wiped out by Lawrence v. Hagerman, 56 Ill. 68. That case speaks strongly in favor of plaintiffs' position in the case

at bar. The Court there said, at page 79:

"We entertain no doubt, upon principle and authority, that an action on the case for maliciously and without probable cause, suing out a writ of attachment, is maintainable for the injury of the business, credit and reputation of the defendant, notwithstanding the statute has required the plaintiff to give a bond, conditioned to pay all damages that may be occasioned by the wrongful suing out of the writ. It is a more complete remedy of which a party may avail, independent of the statutory remedy."

Thus, we hold, that if the order dismissing the complaint in the First Malicious Prosecution Suit could be construed as a judgment on the merits, nevertheless, applying Illinois law to the facts of this case, the doctrine of res judicata is not a proper reason for dismissal of the instant case insofar as the complaint is based on the Zoning Variation Suit (56 S 5518).

We are of the view that the District Court correctly dismissed plaintiffs' complaint so far as it was based on the alleged malicious prosecution of the Federal Court Injunction Suit (57 C 160). Plaintiffs insist that their complaint states a good claim under the doctrine of Shedd v. Patterson, 302 Ill. 355, 134 N.E. 705, 26 A.L.R. 1004, and Payne v. Donegan, 9 Ill.App. 566. These cases constitute an exception to the general Illinois rule regarding actions for malicious prosecution as stated in Schwartz v. Schwartz, 366 Ill. 247, 8 N. E.2d 668, 670, 112 A.L.R. 325:

"A suit for malicious prosecution of a civil suit without probable cause cannot be maintained where the action upon which it is grounded is an ordinary civil action, begun by summons and not accompanied by arrest of the person or seizure of his property, or by special injury not necessarily resulting in any and all suits prosecuted to recover for like causes of action. * * *"

The Shedd and Payne cases allowed actions to be brought for malicious prosecution where no special injury had been suffered, but the facts of those cases disclose gross misconduct on the part of the defendants therein, which gave rise to the creation of the exception. In Shedd, the defendant had continued to bring actions against the plaintiff after having been enjoined from so doing. Five suits in equity and four actions at law were involved. In Payne, the offender's procedure had been to bring actions at a distance, then to permit the actions to be dismissed for want of prosecution.

The patent aggravations present in Payne and Shedd are not present in the case at bar. It must be admitted that the suits brought by 222 were prosecuted with vigor and enthusiasm. A love of litigation might even be inferred. Nevertheless, in neither the Zoning Variation Suit (56 S 5518) nor in the State Court Injunction Suit (56 S 4196) was there any determination on the merits against 222. In the first case the court held that absent specific damage, 222 lacked standing to bring a statutory administrative review, and in the second case, that absent special damage, 222 was not entitled to injunctive relief. No court has passed directly on 222's claim that there had been a violation by plaintiffs of the Chicago Zoning Ordinance.

The complaint herein insofar as it relates to the Federal Court Injunction Suit (57 C 160) must be appraised in the light of the general Illinois rule. We agree with the District Court that in this respect, the complaint fails to state a claim upon which relief can be granted.

Defendant argues that there may be a duplication of damages if this suit can be prosecuted as well as the suit on the supersedeas bond. However, we were informed on oral argument that the District Court is holding the bond suit in abeyance pending the outcome of this appeal. There is no good reason why the two suits cannot be tried together thus obviating the possibility of a double assessment of damages.

As the District Court was in error in dismissing the instant suit insofar as it was based on the Zoning Variation Suit (56 S 5518), the judgment is reversed and remanded for further action not inconsistent with this opinion.

We should emphasize that we have not passed on several questions discussed in the briefs including "want of probable cause" and "malice." In our view, the questions which we have not discussed in this opinion can more properly be considered after a trial upon the merits.

Reversed and remanded.