**P. W. SIEBRAND and Hiko Siebrand, a co-partnership, doing business under the name of Siebrand Bros., Plaintiffs,**

v.

**EYERLY AIRCRAFT COMPANY, a corporation, Defendant.**

**Civ. No. 60-27.**

United States District Court
D. Oregon.

July 22, 1960.

---

Dusenbery, Martin, Beatty & Parks, John C. Beatty, Jr., Portland, Or., for plaintiffs.

Maguire, Shields, Morrison, Bailey & Kester, Portland, Or., for defendant.

KILKENNY, District Judge.

Plaintiffs instituted this action to obtain indemnity from defendants for amounts paid in satisfaction of certain judgments awarding damages for personal injuries.

Defendant in Count I of its counterclaim charges that plaintiffs, in November 1958, filed a complaint against defendant in the United States District Court for the Northern District of Illinois, Eastern Division, which complaint was substantially identical to the complaint in the present case. In September 1959, the said District Court dismissed plaintiffs' complaint for want of jurisdiction over the defendant, holding that defendant was not doing business in Illinois. Plaintiffs are not and never have been residents of Illinois, P. W. Siebrand being a resident of North Dakota and Hiko C. Siebrand being a resident of Arizona. The occurrence of which plaintiffs complained occurred in Montana and nothing upon which plaintiffs' complaint is founded occurred in Illinois. None of the witnesses required by plaintiffs reside in Illinois and none of the physical evidence required by plaintiffs is located in Illinois. Defendant is an Oregon corporation with its principal place of business at Salem. Defendant manufactured the Octopus complained of in said personal injury actions. Defendant had no contact with said Octopus outside of the state of Oregon except to cause an investigation to be made of the occurrence in Montana in August, 1954. Defendant charges plaintiffs with an abuse of process in connection with said Illinois action in injuring, vexing, annoying, harassing and oppressing the defendant in

intentionally and wilfully making defendant's defense to plaintiffs' complaint inordinately costly and in seeking to effect settlement or distribution of the case in favor of plaintiffs by harassment, annoyance, vexation and oppression, all without regard to the merit or lack of merit of the plaintiffs' claim.

In Count II of its counter-claim, defendant charges plaintiffs with substantially the same charges as set forth in its first Count, but grounds its recovery on malicious prosecution without probable cause in the filing of such action in said District Court.

Plaintiffs have filed a motion to dismiss such counter-claim and a motion for a summary judgment dismissing in favor of the plaintiffs on such claim. Attached to the motion for a summary judgment are copies of certain interrogatories and answers thereto.

Plaintiffs take the position that the law of the case on the pending motions is governed by the law of the state of Illinois and that under such law an interference with person or property is essential to the validity of an action for malicious prosecution or abuse of process. Since no such charges are made in either of the counts in the counter-claim, plaintiffs insist that their motions should be allowed. ·

■■■ Defendant argues that the court should be bound by federal common law. There is no federal general common law. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188. In support of its statement, defendant cites Clearfield Trust Co. v. United States, 318 U.S. 363, 63 S.Ct. 573, 87 L.Ed. 838. This case lends support to defendant's theory, but it does not hold that there is federal common law. The case merely points out that federal law, rather than state law, is applied where a federal constitutional or statutory function is involved. This rule is recognized in Erie. Since the original action in the present case was commenced in the federal court and since that action and the

process issued out of the court are governed by federal statutes, federal law should apply. However, there is no reason why the federal court cannot adopt the law of the state and I hold that the federal court in La Salle National Bank v. 222 East Chestnut Street Corporation, 7 Cir., 1959, 267 F.2d 247, 253, 254, adopted the Illinois law on the subject in question. I will be governed by that decision. On the indicated pages, the court in that case was speaking of an action which had been filed in its federal court and out of which process issued. There is nothing in Wade v. National Bank, C.C., 114 F. 377, 378, to show whether the process was issued out of a state or a federal court. The case is of no value to me on this state of facts. Vancouver Book & Stationery Co. v. L. C. Smith & Corona Typewriters, Inc., 9 Cir., 1943, 138 F.2d 635, certiorari denied 321 U.S. 786, 64 S.Ct. 780, 88 L.Ed. 1077, would indicate that the state law should be applied even though the original action on which malicious prosecution was claimed was instituted in federal court. The original file in that case shows that the precise question was raised by exception to the trial court's pre-trial memorandum and by designation on appeal. Defendant's claim that the particular question was not urged on the appeal is not supported by the original record.

After insisting that federal *common law* should be applied to the facts in the present case, defendant then argues that either rule supports its claim, in that the particular facts fall within the exceptions to the general rule as announced by the Illinois courts.

■■■ In Illinois no action will lie for malicious prosecution where there has been no arrest of the person or seizure of the defendant's property and no special damage has been sustained which would not ordinarily result in all suits prosecuted to recover for a like cause. Schwartz v. Schwartz, 366 Ill. 247, 8 N.E. 2d 668, 112 A.L.R. 325; Ligitsos v. Finerman, 329 Ill.App. 241, 67 N.E.2d 610;

Smith v. Michigan Buggy Co., 175 Ill. 619, 51 N.E. 569; Breytspraak v. Gordon, 333 Ill.App. 650, 77 N.E.2d 860. It seems that the reason for the rule is that courts should be open to litigants for settlement of their rights without fear of prosecution for calling upon the courts to determine such rights. Schwartz v. Schwartz, supra. The Court of Appeals for the Ninth Circuit seems to follow the same rule. Vancouver Book & Stationery Co. v. L. C. Smith & Corona Typewriters, Inc., supra.

The rule is generally applied in an action for malicious use of process or for abuse of process. Publix Drug Co. v. Breyer Ice Cream Co., 347 Pa. 346, 32 A.2d 413; Jacksonville Paper Co. v. Owen, 193 Ga. 23, 17 S.E.2d 76; Garland v. Wilson, 289 Pa. 272, 137 A. 266. The exceptions to the general rule in the Illinois cases are made evident in Shedd v. Patterson, 302 Ill. 355, 134 N.E. 705, 26 A.L.R. 1004, and Payne v. Donegan, 9 Ill.App. 566. The opinion in La Salle National Bank v. 222 East Chestnut Street Corporation, supra, 267 F.2d at page 254, aptly illustrates why the Shedd and Payne cases do not apply to a state of facts similar to that involved in the present case. I quote from page 254 of 267 F.2d of the La Salle case:

"The Shedd and Payne cases allowed actions to be brought for malicious prosecution where no special injury had been suffered, but the facts of those cases disclose gross misconduct on the part of the defendants therein, which gave rise to the creation of the exception. In Shedd, the defendant had continued to bring actions against the plaintiff after having been enjoined from so doing. Five suits in equity and four actions at law were involved. In Payne, the offender's procedure had been to bring actions at a distance, then to permit the actions to be dismissed for want of prosecution.

"The patent aggravations present in Payne and Shedd are not present in the case at bar. It must be ad-mitted that the suits brought by 222 were prosecuted with vigor and enthusiasm. A love of litigation might even be inferred. Nevertheless, in neither the Zoning Variation Suit (56 S 5518) nor in the State Court Injunction Suit (56 S 4196) was there any determination on the merits against 222. In the first case the court held that absent specific damage, 222 lacked standing to bring a statutory administrative review, and in the second case, that absent special damage, 222 was not entitled to injunctive relief. No court has passed directly on 222's claim that there had been a violation by plaintiffs of the Chicago Zoning Ordinance."

I have carefully considered the other cases cited by defendant. Defendant's counter-claim does not qualify as a claim either under the law of the state of Illinois or the federal law as I interpret it.

Counsel for plaintiff may draft an appropriate order.